GULOTTA, Judge.
Curtis Hagans and Joseph Wilson were convicted by a jury for violation of LSA-R.S. 14:62.2, simple burglary of an inhabited dwelling.[1] Hagans was sentenced to six years and Joseph Wilson was sentenced to eight years, both sentences to be served without beneift of parole, probation, or suspension of sentence for the first year. Although the two defendants now appeal, only the excessiveness of defendant Curtis Hagans’s sentence has been assigned as error.[2] We affirm.
Before reaching the merits of defendant’s assignment, we have reviewed the record for errors patent and have found none.
In his sole assignment of error that the six year sentence is excessive, Hagans contends the judge erroneously presumed that Hagans was “aware” of co-defendant Wilson’s “criminal activity” and further considered that burglaries in the neighborhood had partially ceased after co-defendants’ arrests. In support of his contentions, Ha-gans argues the trial judge’s reference to Hagan’s awareness of co-defendant Wilson’s criminal activity is a presumption not supported by evidence and that his consideration of the partial cessation of burglaries subsequent to defendants’ arrest was improper because there was no evidence of any connection between defendant’s arrest and the cessation of criminal activity.
When the trial judge imposed the defendants’ sentences he stated:
“Very well. These two gentlemen have been found guilty of the crime of simple burglary of an inhabited dwelling. In connection with this case, there was evidence that there was violence perpetrated upon the person of one of the police officers, more particularly, Officer Bourgeois. Testimony revealed that he was attacked by mr. [sic] Joseph Wilson with a two by four, inside of the home of the lady who was the victim of this crime.
“As to Mr. Wilson, presentence investigative report indicates that his juvenile record extends back to 1976, including arrests for theft, burglary, theft, run away, simple damage to property, theft, theft, purse snatching, simple battery, criminal trespass, simple escape, receiving stolen things, simple burglary, simple burglary. As an adult, arrests for illegal carrying and discharging of firearms, simple robbery; theft, for which he was convicted; and resisting an officer; simple escape, for which he was convicted, and then finally this charge of simple burglary of an inhabited dwelling.
*82 “As to Mr. Hagans, the defendant has three prior arrests as a juvenile in 1970, '74 and ’70, for criminal trespass, criminal trespass, truancy. His only arrest as an adult is for this instant offense for which he has been convicted.
“The record reveals that Mr. Hagans is a twenty-three year old individual. Mr. Wilson is a nineteen year old individual.
“These gentlemen describe each other, in terms of their relationship to each other, as “brother-in-laws,” based on some type of common-law relationship that one of the gentlemen enjoys with the other gentlemen’s sister. The facts reveal, as was accepted by the jury, that these two men were caught inside of a home that had been literally completely ransacked and overturned. Violence was perpetrated by Mr. Wilson upon one of the police officers. There was further outlandish testimony, from one of the defendants, that the police at one point held them down and told this very elderly, little old lady, to begin beating the defendants, at which time, when I looked at the jurors, one of the jurors was actually laughing when that comment was made. Nonetheless, the gentlemen have been convicted of what the Court considers to be one of the most serious, and potentially violent, crimes known to man, and that is, the violation of a citizen’s ultimate expectation of privacy, that is, one’s home. It’s the last sacred sanctuary that each of us has, and attempts to enjoy. The Court finds that this crime certainly caused and threatened serious harm. In fact there was harm as perpetrated by Mr. Wilson upon one of the police officers.
“The Court finds that it would not be a correct statement to say that these gentlemen did not contemplate that their criminal conduct would cause or threaten serious harm.
“The Court does not find that either of these men acted under strong provocation.
“The Court finds that there were no substantial grounds at all tending to excuse or justify their criminal conduct, though failing to establish a defense.
“The Court finds that the victim in this particular crime in no way induced or facilitated its commission. The Court finds that neither or both defendants has ever, nor will ever, compensate the victim for some of the loss that has been sustained. Certain property that was taken in this crime has never been recovered, including cash money.
“Additionally, the victim in this case was subjected to the task of trying to place back into some sort of order the home that she found completely in disarray.
“The Court finds that as to Mr. Wilson, he has a very lengthy history of delinquency, criminal activity, that he has failed to lead a law-abiding life for any period of time leading up the commission of this crime. Mr. Hagans’ record in no way reflects the type of criminal activity that Mr. Wilson’s does.
“The character and attitudes of the defendants in this case, however, do not indicate to the Court that they are unlikely to commit another crime, based on the testimony that they gave during the course of this trial.
“The defendants are not eligible for probation, parole or suspension of sentence for a period of at least one year, based on the wording of the statute with which they have been convicted, and the jurisprudence that interprets that statute. There must be a sentence of at least one year, and that portion of the sentence may not be subject to probation, parole or suspension of sentence.
“I do not find that in either instance that the imprisonment of either of these gentlemen would entail an excessive hardship to himself or to his dependents. The Court finds that there would be an undue risk, during any period of any suspended sentence or probation, especially as to Mr. Wilson, but Mr. Hagans indicates he’s known this man for some time; he must be aware of his criminal activity, especially if he enjoys the relationship that he says he enjoys with another member of his immediate family.
*83 “The defendant is in need of correctional treatment in a custodial environment that can be provided most effectively by his commitment to an institution.
“The Court finds that any sentence less than the sentence the Court will impose in this case will depracate [sic] the seriousness of the defendants’ crime. Any time people take it upon themselves to enter the sanctity and the privacy of another person’s home, and do what you did, indicates that you will do anything, because you don’t know who’s in that house; you don’t know what you’re,going to be confronted with, and oftentimes people that are just would be burglars turn themselves in, almost instinctively, into murders, when they are confronted by an innocent home owner, an innocent person, occupying that particular home, or a New Orleans Policeman, or other law enforcement officer responding to a call of burglary in progress.
“As to Mr. Wilson, it is the sentence of the Court that he serve eight years in the custody of the Department of Corrections.
“As to Mr. Hagans, it is the sentence of the Court that you serve six years in the Custody of the Department of Corrections.
“Each of these sentences, as to first year imposed, is to be served without benefit of parole, probation or suspension of sentence.”
In response to an oral motion made by the defense for an appeal, the trial judge further commented:
"... I further note for the record that the officers who responded to the probation officer in this case indicated that there had been a rash of simple burglaries of inhabited dwellings in this particular neighborhood, and that immediately upon the apprehension of both of these gentlemen, those burglaries came to a half, perhaps purely coincidental, perhaps otherwise.”
LSA-C.Cr.P. Art. 894.1 is satisfied, without the necessity for remand, where the evidence in the record clearly shows the considerations taken into account and the factual basis for the sentence. State v. Telsee, 425 So.2d 1251 (La.1983).
In the instant case, the sentencing transcript indicates the trial judge clearly considered the guidelines enumerated under LSA-C.Cr.P. Art. 894.1. Although the judge alluded to defendant’s awareness of Wilson’s criminal activity and commented on the partial cessation of neighborhood burglaries subsequent to defendants’ arrest, we find these comments harmless considering his carefully articulated compliance with the sentencing guidelines.
We also find it significant that defendant had nothing to say on his own behalf at the sentence hearing. Furthermore, our examination of the record likewise reveals no mitigating factors. Considering the nature of the crime, we cannot say the six year sentence is excessive. See State v. Conn, 420 So.2d 1123 (La.1982).
Having so concluded, we affirm both defendants’ convictions and sentences.
AFFIRMED.

. Two mistrials had earlier been declared in this case, the first on June 12, 1984, and the second on July 5, 1984, resulting from the inability of the respective juries to reach a verdict.

. The maximum penalty imposed under LSA-R.S. 14:62.2 is twelve years.