CARTER, Judge.
Melvin Walker was charged by bill of information with two counts of distribution of cocaine, in violation of LSA-R.S. 40:967, and one count of distribution of marijuana, in violation of LSA-R.S. 40:966. He was tried by a jury, which convicted him as charged on each of the offenses. The trial court imposed a sentence of twenty-five years at hard labor on each of the cocaine distribution convictions. The trial court further ordered that the sentences were to be served consecutively. The trial court *27 imposed a sentence of ten years at hard labor for the conviction of distribution of marijuana, which he ordered to be served concurrently with the sentences imposed for distribution of cocaine. Defendant appealed, urging two assignments of error, that there was insufficient evidence to prove the crimes charged beyond a reasonable doubt and the sentence was excessive.
FACTS
Defendant was convicted following a lengthy undercover narcotics investigation in Covington, Louisiana. Defendant and seventy-six other suspects were arrested at the conclusion of the investigation, which was conducted between January and August, 1987. Officer Kenneth Savignol testified that, on January 16, 1987, he purchased one-eighth of an ounce of marijuana and one-fourth of a gram of cocaine from defendant in an area of Covington known as “The Quarters.” Shortly after this transaction, Officer Savignol reviewed a group of photographs of suspected narcotics traffickers that had been gathered after preliminary intelligence work. He identi-. fied defendant’s photograph as the man from whom he had purchased the marijuana and cocaine. A few days later, Officer Savignol returned to the same area, and he recognized defendant from the earlier transaction. At that time, he mentally confirmed defendant’s identity as the person whose photograph he had previously identified and as the individual from whom he had previously procured marijuana and cocaine. He then purchased a second small bag of cocaine from defendant.
SUFFICIENCY OF THE EVIDENCE
In defendant’s first assignment of error, he contends that the evidence is insufficient to support the conviction. Specifically, he argues that the state failed to establish his identity as the trafficker beyond a reasonable doubt because the initial photographic identification was weak and because of the evidence presented to the jury that the crime may have been committed by his brother.
The proper procedural vehicle for raising the issue of the sufficiency of the evidence is by a motion for a post-verdict judgment of acquittal. LSA-C.Cr.P. art. 821; State v. Korman, 439 So.2d 1099 (La.App. 1st Cir.1983). The record does not reflect that such a motion was filed herein. Nevertheless, a reviewing court, despite defendants’ failure to proceed properly, must consider the evidence, upon assignment of error, to determine whether or not it meets the constitutional standards of Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), now codified in LSA-C.Cr.P. art. 821. The standard set forth in article 821 is whether or not, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.
Officer Savignol, a sixteen-year police veteran, testified at trial that defendant was the person from whom he had purchased the marijuana and cocaine. The first incident occurred at approximately 11:30 p.m. Officer Savignol related that, while he was a passenger in a vehicle driven by a confidential informant, defendant flagged down the car and asked him if he wanted to buy some “weed.” At that time, defendant was no more than one foot away from the officer. After the transaction was completed, defendant offered to sell the officer some cocaine, and defendant entered the car in order to complete the negotiations for the sale. Defendant climbed into the back seat and, after the car pulled onto the shoulder of the road, he pulled a gun from his clothing and told Officer Savignol and the confidential informant, “I don’t want no bullshit. We’re going to do a deal. No rips, no problems.” Thereafter, in response to Officer Savig-nol’s question, defendant identified himself as “Louie” and told the officer to look for him in the same area if he wanted to purchase more narcotics that night or any other time.
When viewing the sufficiency of the evidence to support a conviction, an appellate court in Louisiana must determine if the evidence, viewed in the light most fa *28 vorable to the prosecution, was sufficient to convince a rational trier of fact that all of the elements of the crime were proved beyond a reasonable doubt. LSA-C.Cr.P. art. 821; State v. Captville, 448 So.2d 676 (La.1984). Additionally, where the key issue is an accused’s identity as the perpetrator, rather than whether or not the crimes were committed, the state is required to negate any reasonable probability of mis-identification. State v. Richardson, 459 So.2d 31 (La.App. 1st Cir.1984).
Herein, the state presented the testimony of a veteran police officer, who testified that he had a clear opportunity to view defendant at the time of the initial sale. Moreover, he testified that his attention was particularly drawn to defendant after defendant threatened him with a handgun. The record does not reflect that the photographic identification by Officer Savignol was weak; rather, the officer selected defendant’s photograph from a large array. After this selection, he confirmed the identification during a second transaction. Officer Savignol further testified that he saw defendant in that area several times after the two incidents and that he recognized defendant both as the man in the photograph and as the man who had sold him cocaine and marijuana. Officer Savignol related that, in his experience, narcotics traffickers rarely provided their own names or nicknames when questioned as to their identity by a customer.
Defendant’s brother, Michael Walker, testified at trial and related that defendant’s nickname was “Rare Form” and that “Louie” was the nickname of one of his older brothers. .Defendant also testified at trial, denying that he had participated in these offenses and claiming that his older brother, Robert “Louie” Walker, sold the substances to Officer Savignol. Nevertheless, Officer Savignol’s testimony clearly identifying defendant as the trafficker and relating the circumstances of his observations of defendant served to negate any reasonable probability of misidentification. Accordingly, this assignment of error has no merit.
EXCESSIVE SENTENCE
By assignment of error number two, defendant submits that the trial court imposed excessive sentences. He claims that the court abused its discretion by imposing sentences near the maximum because only small amounts of controlled substances were involved. Further, he claims that the court should have imposed concurrent sentences because the offenses were part of a “common scheme or plan,” within the purview of LSA-C.Cr.P. art. 883.
In imposing the sentences, the court particularly noted defendant’s extensive criminal history, including at least three felonies. The record reflects that defendant has a criminal history which began when he was approximately thirteen years old. Defendant has been charged with several violent offenses, including two counts of armed robbery (one of-which was dismissed because of his agreement to testify against a co-defendant and the other reduced to a plea to accessory after the fact to armed robbery) and a guilty plea to a charge of simple rape, which resulted in a sentence of ten years at hard labor. In addition, he received the benefit of the dismissal of three counts of forgery in return for his plea to accessory after the fact to armed robbery. Defendant was also convicted of several misdemeanors, including resisting arrest and simple battery. Subsequent to these charges, defendant was also arrested for possession with intent to distribute cocaine, obstruction of a police officer, and the possession of drug paraphernalia.
The trial court obviously concluded that defendant was one of the worst offenders. In light of his extensive criminal history, it is clear that the court’s conclusion was well-founded. Although defendant claims that he is not one of the worst offenders because only small amounts of cocaine and marijuana were involved, defendant’s flagrant behavior in flagging down a passing vehicle in order to initiate a sale and his offer of future sales to Officer Savignol indicated his active, knowing, and continuous involvement in the distribution of controlled dangerous substances.
*29 We find no merit to defendant’s claim that the incidents were a part of a common scheme or plan. We note that the sentences for the count of distribution of marijuana and one of the counts of distribution of cocaine, which arose out of the same incident, are concurrent. However, the other count of distribution of cocaine did not arise out of the same incident. For the second count of distribution of cocaine, other than the identity of the parties and the area, it is clear that the incidents were separate and distinct transactions.
The trial court has wide discretion in the imposition of sentence, and a sentence within statutory limits will not be set aside unless it is an abuse of that discretion. State v. Wardlow, 448 So.2d 257 (La.App. 1st Cir.1984). We find no abuse of discretion herein.
CONCLUSION
For the above reasons, defendant’s convictions and sentences are affirmed.
CONVICTIONS AND SENTENCES AFFIRMED.