643 So.2d 307 (1994)
STATE of Louisiana, Appellee,
v.
Bobby MANNING, Appellant.
No. 26287-KA.
Court of Appeal of Louisiana, Second Circuit.
September 21, 1994.
*308 Indigent Defender Office by Terri Lynn Bush, Benton, for appellant.
Richard Ieyoub, Atty. Gen., Baton Rouge, James M. Bullers, Dist. Atty., J. Spencer Hays, Asst. Dist. Atty., Benton, for appellee.
Before SEXTON, J., and JONES and PRICE, JJ. Pro Tem.
SEXTON, Judge.
The defendant, Bobby Manning, was charged by bill of information with distribution of cocaine on May 10, 1990. After a trial, a jury convicted him as charged. Subsequently, the state filed an habitual offender bill of information charging the defendant as a third felony offender. The defendant pled guilty to an amended habitual offender bill as a second felony offender. The predicate offense was for possession of cocaine on January 5, 1990, and the trial court sentenced him to 15 years at hard labor to be served consecutively with any other sentence he was serving.[1]
The defendant appeals and assigns as error the excessiveness of the sentence imposed. Because this claim lacks merit, the defendant's sentence is affirmed.
On May 10, 1990, Robert Thomas, a free-lance undercover narcotics agent, worked in the Bossier Parish area. On that night, he mingled with a crowd in the parking lot of Long's Place, a lounge in Plain Dealing, Louisiana. When he encountered Brad Decker, Sr., the defendant's accomplice, they negotiated a drug deal.
Mr. Thomas gave $20 to the accomplice for the purpose of obtaining crack cocaine. The accomplice then walked over and gave the money to the defendant who was standing about twenty yards away. The defendant gave one rock of crack cocaine to his accomplice. The accomplice returned to Mr. Thomas and handed the crack to him.
Defendant claims that the sentence imposed is excessive and exceeds the sentencing guidelines because it is a consecutive sentence rather than a concurrent sentence.
In this assignment, the defendant argues that, since only two days transpired between the commission of the instant offense and the May 12th offense, each offense constitutes part of a common scheme or plan. He, therefore, concludes that he should have received a concurrent sentence for his latter conviction rather than a consecutive sentence.
The defendant's argument is meritless. Other than the area and the identity of the defendant and the undercover agent, it is clear that the incidents involved in this case were separate and distinct transactions. See State v. Walker, 555 So.2d 25 (La.App. 1st Cir.1989), writ denied, 558 So.2d 582 (La. 1990) (drug sales which involved same parties and occurred in same area only a few days apart were not parts of common scheme or plan); and State v. Lewis, 567 So.2d 726 (La.App. 2d Cir.1990), writ denied, 575 So.2d 364 (La.1991) (drug sales which involved different undercover officers and occurred at same place approximately ten days apart were not parts of common scheme or plan). Cf. State v. Hamilton, 594 So.2d 1376 (La. App. 2d Cir.1992) (simultaneous drug sales to three undercover agents who acted together and approached defendant at same time were parts of common scheme or plan).
When the trial court imposed the consecutive sentence, it noted that the offenses occurred on different dates and involved different *309 co-defendants who acted as middle men. The trial court concluded that the two offenses were neither the same transaction nor parts of a common scheme or plan, and, therefore, imposed a consecutive sentence.
A court is given the authority to impose either a concurrent or consecutive sentence if a new sentence is imposed on a defendant previously sentenced for a prior conviction. The court is required to specifically state for the record the reasons for the imposition of the consecutive sentence. La. S.G. § 215; C.Cr.P. Art. 883; State v. Mims, 550 So.2d 760 (La.App. 2d Cir.1989), appeal after remand, 566 So.2d 661 (La.1990). In this case the trial court specifically stated the reasons for the imposition of the consecutive sentence. Further, the trial court's findings are supported by the record. Accordingly, this assignment lacks merit.
Also, it is noted that the 15-year hard labor sentence is not constitutionally excessive. In addition to being adjudicated a second felony offender, the felony sentencing guidelines classified the defendant as a 2A grid cell offender. The recommended sentence range for that class of offenders is 17.5 to 20 years incarceration.
Any sentence falling within the range suggested by the designated felony sentencing guideline grid cell is appropriate for an offender with that criminal history and is not excessive under the Louisiana Constitution. La.S.G. § 201(C); State v. Gladney, 626 So.2d 778 (La.App. 2d Cir.1993). Therefore, a sentence less severe than the minimum sentence suggested by the guidelines is not excessive under the Louisiana Constitution. When the sentence imposed falls below the minimum as recommended by the guidelines, the defendant does not have grounds to attack his sentence as excessive. State v. Green, 614 So.2d 758 (La.App. 2d Cir.1993).
For the foregoing reasons, the defendant's sentence is affirmed.
AFFIRMED.
JONES, J., concurs.
NOTES
[1] The record reveals that a similar scenario occurred a second time on May 12, 1990, with only one variationa different accomplice acted as the middle man. Subsequently, the defendant was charged and convicted on two counts of distribution of cocaine. The proceedings for the two offenses were conducted separately. The proceedings for the May 12th offense occurred first. In regard to the May 12th offense, the defendant was sentenced as a second felony offender and received 15 years at hard labor. Thus, the fifteen year sentence imposed in the present case was ordered to be served consecutively with the May 12th sentence.