I rSTEWART, Judge.
Defendant, Miguel Delawn Reaves, pled guilty to contributing to the delinquency of a juvenile, a violation of LSA-R.S. 14:92(A)(7) and now appeals his sentence as excessive. For the following reasons, we affirm.
FACTS
On December 20, 1994, Mr. Reaves and Barbara Boswell were discovered by Miss Boswell’s father in her bedroom engaged in sexual intercourse. Mr. Reaves fled the premises dropping his wallet as he exited through a window. Miss Boswell was examined by Dr. Carl Hines, Coroner for Webster Parish, who determined that sexual conduct had occurred. At the time of the incident, Mr. Reaves was 20 years old and Miss Boswell was 15 years of age.
Since the alleged criminal act was committed in Webster Parish, a Webster Parish Sheriff’s Deputy arrested Mr. Reaves. Mr. Reaves later gave two written statements in which he admitted having sexual intercourse with Miss Boswell but claimed that the sexual encounter was entirely consensual and that he was unaware of her age.
The state charged the defendant with carnal knowledge of a juvenile, a violation of LSA-R.S. 14:80, on February 6,1995, but, on April 21, 1995, accepted a guilty plea to contributing to the delinquency of a juvenile, a violation of LSA-R.S. 14:92(A)(7). The trial court sentenced defendant to 24 months at hard labor, suspended execution of all but *42 12 months of the sentence, and denied a timely motion for reconsideration.[1]
Prior to imposing sentence, the court had the opportunity to review a presentence investigation report and a sentencing guidelines worksheet. At the time of sentencing, the defendant, a single, 21-year-old, was a second felony offender, having been previously convicted of unauthorized entry of an inhabited ^dwelling. Since graduating from high school in May of 1995, defendant had no verified work history but claimed to be currently employed. He was on probation at the time of the offense of conviction.
The court correctly determined that grid cell 5-D applied to defendant. That cell, which is within the discretionary zone, recommended 24 to 36 months of incarceration. Due to defendant’s second felony offender status, the trial court determined that a completely suspended sentence would be inappropriate and imposed sentence from the bottom of the recommended range giving defendant credit for time served.
When, as here, a defendant’s motion for reconsideration urges merely that the sentence is excessive, he is relegated only to a claim of constitutional excessiveness. State v. Mims, 619 So.2d 1059 (La.1993). In the present case, the trial court imposed a term of incarceration within the range suggested by the designated guidelines grid cell. Such a sentence is appropriate for an offender with that criminal history, and is not excessive under the Louisiana Constitution. State v. Toney, 26,711 (La.App. 2d Cir. 3/1/95), 651 So.2d 387; State v. Manning, 26,287 (La.App. 2d Cir. 9/21/94), 643 So.2d 307; State v. Essex, 618 So.2d 574 (La.App. 2d Cir.1993); La.S.G. § 201(C).
A trial court is not required to render a suspended sentence or probation on a first (or qualifying second) felony offense. The judge may consider whatever factors and evidence he deems important to make a determination of what is in the best interest of the public and the defendant. State v. McKethan, 459 So.2d 72 (La.App. 2d Cir.1984); State v. Tully, 430 So.2d 124 (La.App. 2d Cir.1983), writ denied, 435 So.2d 438 (La.1983).
Even if we were to examine the sentence for constitutional excessiveness, we would find no error. This healthy, single, adult, second felony offender with a twelfth grade education presented no special circumstances which would mandate |3a lesser sentence. He received a substantial benefit from his plea bargain, which reduced his sentencing exposure from ten years to two years. No fine was imposed. He committed this offense while still on probation from a previous felony conviction, which had been bargained down from a charge of burglary. Although the sentence imposed is the maximum provided by the statute of conviction, the sentence to be served is only one-half that amount due to the court’s lenient provision for suspension of sentence and probation. The sentence does not shock the sense of justice and, therefore, is not constitutionally excessive.
We have examined the record and find no error patent.
DECREE
For the foregoing reasons, the conviction and sentence of Miguel Delawn Reaves are affirmed.
AFFIRMED.

. The Louisiana Felony Sentencing Guidelines were in effect when the offense was committed and when defendant entered his guilty plea.