420 So.2d 1123 (1982)
STATE of Louisiana
v.
Alfred CONN and Jerry Howard.
No. 81-KA-3022.
Supreme Court of Louisiana.
October 18, 1982.
*1124 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., John H. Craft, Louise S. Korns, Michael Simpson and David Plavnciky, Asst. Dist. Attys., for plaintiff-appellee.
John M. Standridge, Supervising Atty., New Orleans, Michael McMahon, Student Practitioner, James L. Donovan, Jr., Student Practitioner, Loyola Law Clinic, for defendant-appellant.
ROBERT L. LOBRANO, Justice Ad Hoc.[*]
Defendants Alfred Conn and Jerry Howard were charged by bill of information with simply burglary of an inhabited dwelling, a violation of La.R.S. 14:62.2, which occurred on September 4, 1980. On May 11, 1981, defendants were tried before a twelve-member jury and found guilty as charged by a unanimous verdict. On May 26, 1981, defendant Jerry Howard was sentenced to six years at hard labor, while defendant Alfred Conn received seven years at hard labor. Both sentences are to be served without benefit of probation, parole, or suspension of sentence for the first year. On appeal defendants argue two assignments of error.
FACTS
The defendants were seen leaving a residence at 1231 St. Roch Street by Florida Bullock, a woman who lived next door at 1224 St. Roch. They were accompanied by a third person. One of them was carrying a fish aquarium, one was carrying a table or stand, and another was carrying a fan and a fishing pole. Ms. Bullock had called the police earlier because she had seen the group standing in front of the dwelling and walking down the alleyway. When the three men started walking down the street, Stephen Egona, who lived with Ms. Bullock, got in his car and followed them down the street. Egona spotted a police car, advised the officers of what had occurred and pointed out the suspects to the officers. At that time, the defendants were apprehended.
Ms. Bullock and Mr. Egona both identified the defendants at trial.
ASSIGNMENT OF ERROR NO. 1
By this assignment defendant contends the trial court erred in denying his motion for a new trial made on grounds that there was insufficient evidence to prove the burglary took place in an inhabited dwelling.
Simple burglary of an inhabited dwelling is defined as the unauthorized entry of any inhabited dwelling, house, apartment, or other structure used in whole or in part as a home or place of abode by a person or persons with the intent to commit a felony or any theft therein. La.R.S. 14:62.2.
The definitions of an "inhabited dwelling" under R.S. 14:62.2 and R.S. 14:62[1] are the same. It is not necessary for a person to be present in the house at the time of the burglary in order to satisfy the "inhabited dwelling" required of R.S. 14:62.2. State v. Powers, 344 So.2d 1049 (La.1977), State v. Hicks, 286 So.2d 331 (La. 1973). Thus the fact that Willie May Bailey was not present in the house at the time the offense was committed would have no relevance to a charge under the statute.
Appellant argues that in addition to not being present at the time of the offense, Willie Mae Bailey was not living in the house and that therefore the dwelling was not inhabited for the purpose of R.S. 14:62.2.
We disagree. At trial Willie Mae Bailey offered testimony to the effect that the house broken into was her home, although at the time of the burglary she was staying with her daughter. From the record it appears that Mrs. Bailey's husband had died *1125 approximately 1 month prior to the burglary and she was in the process of breaking up housekeeping in order to move in with her daughter permanently.
On direct examination, Mrs. Bailey testified:
"Q. Was that your home, though? Was that a home of yours, 1231 St. Roch?
A. Yes.
On cross-examination, Mrs. Bailey reiterated that 1231 St. Roch was her home.
Q. You didn't live at 1231 St. Roch, is that correct?
A. I sure did. It's my house.
Q. And you lived there on Sept. 4, is that correct.
A. Before I moved with my daughter.
Q. So, in fact, you weren't living there. You had furniture there.
A. All my furniture was there, and if my furniture was there, I was living there, you can see all my stuff was there."
In our opinion, Mrs. Bailey's testimony reflects clearly that at the time of the burglary she considered herself still to be domiciled at her St. Roch St. apartment. She was still paying rent for the apartment. Her furniture and clothes were still there. Her late husband's personal effects were still there, including the various items which were the subject of this burglary. The fact that she had been visiting with her daughter since the death of her husband and that it was her apparent intention to move from the house in the near future does not change the fact that at the time of the burglary this was still her principal place of abode and thus certainly inhabited for the purpose of R.S. 14:62.2.
In addition, just a few hours prior to the burglary Mrs. Bailey was in the apartment cleaning up whereupon, the defendants approached and asked to use her bathroom. Shortly after Mrs. Bailey left, the burglary occured. The defendants knew that the apartment was inhabited. We therefore reject this assignment of error.
ASSIGNMENT OF ERROR NO. 2
Defendants maintain that the sentences imposed were excessive and inadequately reasoned.
A conviction for simple burglary of an inhabited dwelling carries a maximum prison term of not more than twelve years at hard labor. Defendant Jerry Howard was sentenced to six years at hard labor. Defendant Alfred Conn was sentenced to serve seven years at hard labor.
A review of the record clearly indicates that the trial judge fully considered the seriousness of the crime and the extensive criminal history of both defendants. The trial judge need not articulate every aggravating and mitigating circumstance enumerated under C.Cr.Pro. Article 894.1.
The sentences are within the statutory range for the crime charged. The general rule, as pronounced by this court, is that a sentence is excessive if it is grossly disproportionate to the severity of the crime or is nothing more than the needless and purposeless infliction of pain and suffering. The sentence of the trial court should not be set aside as excessive in the absence of the trial court's abuse of discretion. State v. Stegall, 377 So.2d 103, 106 (La.1979). Prior to sentencing the defendants the trial judge stated:
"... I just feel that a residence burglary, per se, is an extremely serious offense... someone could have been seriously injured in a residence burglary ... I feel that this matter is serious enough so that any lesser sentence that I would impose would derogate from the seriousness of the matter."
We must agree with the trial judge. The sentences here do not appear to be grossly disproportionate to the crime charged nor are they nothing more than the needless and purposeless infliction of pain and suffering.
This assignment lacks merit.
For the reasons assigned, the conviction and sentence of defendants are affirmed.
AFFIRMED.
DIXON, C.J., concurs.
NOTES
[*] Judges William Norris, III. and Fred C. Sexton, Jr., of the Court of Appeal, Second Circuit, and Judge Robert L. Lobrano of the Court of Appeal, Fourth Circuit, participated in this decision as Associate Justices pro tempore, joined by Chief Justice Dixon and Associate Justices Marcus, Blanche and Lemmon.
[1] La.R.S. 14:62.2 states: "Simple burglary of an inhabited home is the unauthorized entry of any inhabited dwelling house, apartment or other structure used in whole or in part as a home or place of abode by a person or persons with the intent to commit a felony or any theft therein, other than as set forth in Article 60."