529 So.2d 1375 (1988)
STATE of Louisiana
v.
Juan SURTAIN.
No. 87-KA-830.
Court of Appeal of Louisiana, Fifth Circuit.
July 26, 1988.
John M. Mamoulides, Dorothy A. Pendergast, District Attorney's Office, Gretna, for plaintiff-appellee.
Martha E. Sassone, Indigent Defender Board, Gretna, for defendant-appellant.
Before CHEHARDY, GAUDIN and WICKER, JJ.
GAUDIN, Judge.
This is an appeal by Juan Surtain, found guilty in the 24th Judicial District Court of simple burglary of an inhabited dwelling. The jury verdict was unanimous.
Surtain was sentenced to 10 years at hard labor with credit for time served. The first year of the sentence is without benefit of parole, probation or suspension of sentence.
He briefed and argued two assignments of error:
(1) the evidence was insufficient, and
(2) the sentence is excessive.
These assignments of error are without merit. Surtain's conviction and sentence are affirmed.
Simple burglary of an inhabited dwelling, LSA-R.S. 14:62.2, is as follows:
"Simple burglary of an inhabited home is the unauthorized entry of any inhabited dwelling, house, apartment or other structure used in whole or in part as a home or place of abode by a person or persons with the intent to commit a felony or any theft therein ..."
A rented hotel room is an "inhabited dwelling" within the scope and intent of this statute.
On July 23, 1985, Mrs. Sherry Rittenberry was a guest at the Garden Vue Square Hotel in Kenner, Louisiana. At one point in time when she returned to her room, she found her purse open, a sum of money missing and a person she later identified as Surtain in the closet. The man denied the theft, saying he had been in Mrs. Rittenberry's room because a maid had left a bucket there.
Mrs. Rittenberry said that she asked the intruder what his name was and he said it *1376 was Charles Smith. Mrs. Rittenberry later described the man who'd been in her room to a hotel maintenance man, who identified Surtain from Mrs. Rittenberry's description.
Surtain testified at the trial, saying he had not been in Mrs. Rittenberry's room and that this was a case of mistaken identity.
Mrs. Rittenberry, however, was positive in her identification. She described the rings and necklace he was wearing and she recalled seeing him on the hotel premises before and after the theft in addition to the face to face confrontation when he emerged from the closet.
This positive identification was ample reason for the jury to decide the credibility issue in favor of the prosecution. Also, there was the open purse and missing money. It is not the function of an appellate court to evaluate the credibility of witnesses and overturn factual findings unless clearly contrary to the evidence. See State v. Richardson, 425 So.2d 1228 (La.1983), and State v. Cortez, 503 So.2d 76 (La. App.5th Cir.1987).
When sentencing Surtain, the trial judge went over aggravating and mitigating factors. Surtain previously had one felony and two misdemeanor convictions and could have been charged with being a multiple offender. The sentence imposed was in line with appellant's past criminal history and was within the trial judge's wide discretion.
The record was examined for errors patent and there were none. Surtain's jury conviction and 10-year sentence are affirmed.
AFFIRMED.