556 So.2d 142 (1990)
STATE of Louisiana
v.
Paul J. MAYEUX.
No. 89-KA-549.
Court of Appeal of Louisiana, Fifth Circuit.
January 17, 1990.
Dorothy A. Pendergast, Asst. Dist. Atty., Gretna, for plaintiff/appellee.
Martin E. Regan, Jr., New Orleans, for defendant/appellant.
Before BOWES, GAUDIN and GOTHARD, JJ.
GOTHARD, Judge.
After a jury trial conducted on September 20, 1987 the defendant, Paul Mayeux, was found guilty as charged of simple burglary of an inhabited dwelling in violation of R.S. 14:62.2. His motion for new trial was denied on December 6, 1987. All delays were waived and the defendant was sentenced as a second offender pursuant to R.S. 15:529.1 to serve ten years at hard *143 labor. The sentence was made to run concurrent with two six-month sentences on previous contempt charges and consecutive with the two year sentence imposed on the predicate offense. We affirm.
FACTS
The defendant, Paul Mayeux, and the victim, Peggy Theriot, became intimately involved during a period when Ms. Theriot was legally separated from her husband, Trent. The relationship between the defendant and the victim continued for about three years until Ms. Theriot attempted a reconciliation with her husband in 1987.
After the reconciliation, the defendant began harassing the victim by following her around and causing disturbances at her place of employment. One such incident occurred on November 9, 1987 when the defendant appeared at the dental office where Ms. Theriot was employed as a receptionist and demanded to speak to her. Mayeux left, but returned about two in the afternoon to confront Ms. Theriot about an apartment she had rented without telling him. As proof of his knowledge of the apartment's existence the defendant showed Ms. Theriot some toothbrushes which were obtained from the apartment.
Ms. Theriot notified police of the incident. Officer Russell Brunet of the Jefferson Parish Sheriff's Office responded to the call and proceeded to 2301 Severn, Apartment V-111. Officer Brunet testified that he found a window broken and dirty footprints on the carpet leading from the window. The officer interviewed Ms. Theriot, who informed him that several items, including bed linens, towels, a portrait, and some food items were missing from the apartment. While Officer Brunet was still investigating the incident, the defendant came to the apartment asking to see Ms. Theriot. The victim refused to speak to him; Mayeux declined to answer questions regarding the burglary and left the scene.
The defendant argues on appeal that the evidence presented at trial was insufficient to support the verdict. Consequently, he asserts that the trial court erred in denying his motion for new trial. His argument is based on the ground that two of the essential elements of the crime, an intention to permanently deprive and the residence nature of the structure, were not proven by the state. R.S. 14:62.2 provides in pertinent part:
§ 62.2. Simple burglary of an inhabited dwelling
Simple burglary of an inhabited home is the unauthorized entry of any inhabited dwelling, house, apartment or other structure used in whole or in part as a home or place of abode by a person or persons with the intent to commit a felony or any theft therein, other than as set forth in Article 60.
Thus, the state must prove an unauthorized entry with an intent to commit a felony or theft. Additionally, to prove theft, the state must show that Mayeux had an intent to permanently deprive Ms. Theriot of the items taken. R.S. 14:67.
The Supreme Court in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) set forth the following standard for appellate review of the sufficiency of evidence; the reviewing court must determine that the record evidence, viewed in the light most favorable to the prosecution, is sufficient to convince a rational trier of fact that the defendant is guilty beyond a reasonable doubt of the crime of which he has been convicted. See also State v. Williams, 490 So.2d 255 (La.1986), cert. den. 483 U.S. 1033, 107 S.Ct. 3277, 97 L.Ed.2d 780 (1987).
At trial Ms. Theriot testified that she rented the apartment to provide herself with a refuge from her husband in the event their marital problems escalated. She testified that she used the apartment as a place to apply makeup before going to work and that she sometimes spent the night there. She stated that Mayeux did not have permission to enter the apartment and, in fact, only knew about it because he was following her home. Ms. Theriot listed several items which were missing after the burglary and while she admits retrieving the portrait from the defendant's apartment, she asserts that the remainder of the missing items were never returned. We find that under these circumstances a rational *144 trier of fact could have found a basis for a conviction under the Jackson standard.
We do not find defendant's argument that the apartment was not a "dwelling" for purposes of this statute convincing. As previously stated, R.S. 14:62.2 includes an "apartment or other structure used in whole or in part as a home or place of abode." It is clear that there is no requirement that a person is present at the time of the burglary to satisfy the "inhabited dwelling" requirement. State v. Conn, 420 So.2d 1123 (La.1982). Nor do we believe that it is necessary for the apartment to be a primary residence to meet this requirement. This court has previously held that a rented hotel room is an "inhabited dwelling" within the scope and intent of this statute. State v. Surtain, 529 So.2d 1375 (La.App. 5th Cir.1988).
In the instant case evidence was presented to show that Ms. Theriot had sub-leased the apartment she occupied while separated from her husband and moved her permanent domicile back to the community home on the westbank. However, she also presented evidence that she alone had leased and was occupying the apartment in question on a part time basis. That is sufficient to meet the requirements of the simple burglary of an inhabited dwelling statute.
A review for errors patent on the face of the record reveals two errors in sentencing. The sentencing provision of R.S. 14:62.2 provides:
Whoever commits the crime of simple burglary of an inhabited dwelling shall be imprisoned at hard labor for not less than one year, without benefit of parole, probation or suspension of sentence, nor more than twelve years. [Emphasis supplied.]
Accordingly, the first year of the sentence must be imposed without benefit of parole, probation or suspension of sentence. Since no such provision was imposed on this defendant his sentence is illegally lenient. However, when the state fails to raise the issue by motion or argument to this court, as is the case here, the error will not be corrected on appeal. State v. Fraser, 484 So.2d 122 (La.1986); State v. Brooks, 496 So.2d 1208 (La.App. 5th Cir.1986).
We also note that the defendant was not given credit for time served as mandated by C.Cr.P. art. 880. We amend the sentence accordingly.
For the foregoing reasons the defendant's conviction and sentence are affirmed. The case is remanded and the district court is ordered to correct the commitment and the minute entry to reflect that defendant is to be given credit for time served.
AFFIRMED AND REMANDED WITH ORDER.