677 So.2d 589 (1996)
STATE of Louisiana, Appellee,
v.
Donald Ray SMITH, Appellant.
No. 28280-KA.
Court of Appeal of Louisiana, Second Circuit.
June 26, 1996.
*590 Indigent Defender Board by David Hilburn, for Appellant.
Richard Ieyoub, Attorney General, James Bullers, District Attorney, David Griffith, Assistant District Attorney, for Appellee.
*591 Before MARVIN, BROWN and STEWART, JJ.
STEWART, Judge.
A jury found defendant, Donald Ray Smith, guilty as charged of the January 26, 1992, burglary of an inhabited dwelling, a violation of LSA-R.S. 14:62.2. The trial court imposed the maximum sentence of 12 years at hard labor. The defendant attacks his conviction, urging the state failed to prove the residence was inhabited at the time of the unlawful entry and theft therefrom. Defendant also urges his sentence is excessive. For the following reasons, we affirm the conviction and sentence.

FACTS
On January 26, 1992, a concerned citizen, Mr. Perow, notified the Bossier City Police Department that two men were carrying boxes from 900 Delhi St. to a vehicle parked on the street. The police arrived and stopped the suspects as they pulled away. Defendant was the only passenger in the car. Mr. Perow, a neighbor to the burglarized dwelling, arrived and identified defendant and the driver as the men he had observed committing the burglary. He also told police he had seen the men take an orange cooler from the house and put it in the car. The police looked into the car and saw boxes of household items. During the vehicle inventory, the orange cooler was found in the car's trunk. The owner of the residence (C.A. Lincoln) arrived, identified items in the car as his, and gave the police a list of items missing from the house, many of which were never recovered. He said the suspects were not authorized to be in the house, and opined they had made several trips to remove all the missing property.
The defendant claimed he was merely a hitchhiker who had been picked up after somebody else committed the burglary.

DISCUSSION
Sufficiency of the evidence
Defendant argues that although Lincoln was in the process of moving into the house, the evidence does not establish the house was occupied at the time of the unlawful entry. Defendant relies on the testimony of Lincoln that he considered his residence to be on Bermuda Street in Shreveport, and the testimony of the neighbor, Perow, that no one "lived" in the house.
The state argues different facts. Lincoln was in the process of moving into the house, had spent several nights there, the utilities were active, and he intended to live there because he was letting his son move into his other house.
Under Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), the proper standard of appellate review for a sufficiency of evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Bellamy, 599 So.2d 326 (La. App.2d Cir.), writ denied, 605 So.2d 1089 (1992).
The Jackson standard is applicable in cases involving both direct and circumstantial evidence. An appellate court reviewing the sufficiency of evidence in such cases must resolve any conflict in the direct evidence by viewing that evidence in the light most favorable to the prosecution. When the direct evidence is thus viewed, the facts established by the direct evidence and inferred from the circumstances established by that evidence must be sufficient for a rational trier of fact to conclude beyond a reasonable doubt that defendant was guilty of every essential element of the crime. State v. Sutton, 436 So.2d 471 (La.1983); State v. Lott, 535 So.2d 963 (La.App.2d Cir.1988).
This court's authority to review questions of fact in a criminal case is limited to the sufficiency-of-the-evidence evaluation under Jackson v. Virginia, supra, and does not extend to credibility determinations made by the trier of fact. LSA-La. Const., Art. 5, § 5(C); State v. Williams, 448 So.2d 753 (La.App.2d Cir.1984). A reviewing court accords great deference to a jury's decision to accept or reject the testimony of a witness in whole or in part. State v. Rogers, 494 So.2d *592 1251 (La.App.2d Cir.1986), writ denied, 499 So.2d 83 (1987).
LSA-R.S. 14:62.2 defines simple burglary of an inhabited dwelling as "... the unauthorized entry of any inhabited dwelling, house, apartment or other structure used in whole or in part as a home or place of abode by a person ... with the intent to commit a felony or theft therein...." Thus, in order to convict an accused of this crime, the prosecution must prove three elements, to-wit: (1) there was an unauthorized entry; (2) the structure was inhabited at the time of entry; and (3) the defendant intended at the time of entry to commit a felony or theft. State v. Black, 627 So.2d 741 (La.App.2d Cir.1993).
To satisfy the unauthorized entry element, the prosecution must prove defendant did not have permission to enter the house. The owner, Lincoln, testified unequivocally that he did not give defendant or his accomplice, Prim, permission to enter the house. Nor did he give anyone permission to remove the missing items from the house. The investigating officers determined entry was made forcibly by breaking a kitchen window. Defendant does not challenge the proof of this element.
To satisfy the intent element in this case, the prosecution must prove the defendant had the specific intent to commit a theft at the time of his unauthorized entry. Specific intent, being subjective in character, need not be proven as a fact and may be inferred from the circumstances of the transaction. State v. Burns, 471 So.2d 949, 953 (La.App.2d Cir.1985). The witness, Perow, testified that he saw defendant removing property from the house. This observation, coupled with Lincoln's testimony that no one had permission to enter the house or to remove property from it, gives rise to a reasonable inference that defendant intended to commit a theft when he entered the residence. Defendant does not contest the state's proof of this element.
To satisfy the habitation requirement, it is not necessary that a person be present in the dwelling at the time of the unauthorized entry. However, it must be proven that someone actually was "living" in the house at that time. State v. Powers, 344 So.2d 1049 (La.1977); and State v. Hicks, 286 So.2d 331 (La.1973). Neither of these cases defines "living in." They stand only for the proposition that a person need not be present at the time the crime is committed.
A house that is lived in only part of the time may be classified as inhabited. See State v. Conn, 420 So.2d 1123 (La.1982). There, the owner, Bailey, was moving out of the house. It still contained her furniture and she considered it to be her residence. The court held it was inhabited.
Equally, a house may be classified as inhabited even though the person living there does not intend to remain. See Conn, supra; and State v. Surtain, 529 So.2d 1375 (La.App. 5th Cir.1988). In Surtain, the court found that a rented motel room could be classified as an inhabited dwelling for purposes of LSA-R.S. 14:62.2. To determine whether the house was "lived in" at the time of the unauthorized entry, it is proper to consider whether the occupant deemed the house to be his place of abode and whether he treated it as such. Conn, supra.
In State v. Black, 627 So.2d 741 (La. App.2d Cir.1993), this court held that a house which is lived in for only part of the time may be classified as "inhabited" for purposes of the inhabitation requirement of the burglary statute. There, a tenant was in the process of moving out, but the utilities were still on and some belongings were still present at the time of the unlawful entry and theft.
In State v. Mayeux, 556 So.2d 142 (La. App. 5th Cir.1990), the court held that a dwelling "used in whole or in part as a home or place of abode" fulfilled the inhabitation requirement. The victim had moved into an apartment, but reconciled with her husband. When the defendant, her ex-boyfriend, broke into the apartment, she was using it only occasionally to apply makeup or to spend the night. She considered her husband's home as her permanent residence. Nonetheless, the court held the apartment was her dwelling for purposes of the burglary statute.
*593 Both Black and Mayeux, by accepting a dual-residence possibility, defeat defendant's argument.
Lincoln, testified that at the time of trial he lived on Bermuda Street in Shreveport. At the time of the burglary, he owned the subject house on Delhi Street in Bossier City. When he went to the scene, after notice from the police, he saw the house had been broken into "and a lot of stuff was missing that was [formerly] there." The burglarized house had been his mother's. He was moving his property into it and moving out his mother's items at the same time. The property being moved in included pots, pans, fishing rods, a jacket, a cooler, and a small stove. He was missing 15 boxes which included crystal and china sets.
Lincoln said he was moving into the Delhi house, remodeling it, and in the process of relocating. The electricity and other utilities were turned on. Lincoln said he lived on Bermuda Street and that he wasn't "entirely" living at the Delhi address, but clarified that by saying the Delhi Street address "was fully furnished and I had spent some nights there, but I was not living there full-time".
In sum, Lincoln owned the burglarized house. It contained his property and property he inherited from his mother. He intended to make it his permanent residence, and was in the process of remodeling. He already had established a dual residence by spending several nights there, but happened not to be present on the night of the burglary. The utilities were turned on. The totality of this evidence shows the Delhi house was inhabited for purposes of the burglary statute.
This assignment lacks merit.

Excessiveness of sentence
Defendant argues that his 12-year sentence, the statutory maximum, is unconstitutionally excessive. The trial court imposed sentence on July 12, 1995, prior to the effective date of the repeal of the sentencing guidelines. The record does not contain the required motion for reconsideration. LSA-C.Cr.P. Art. 881.1(D). The article provides that failure to make or file a motion for reconsideration of sentence precludes a defendant from challenging the sentence on appeal for any ground, including excessiveness, not specified in the motion. Thus, the defendant is precluded from raising an objection to his sentence on appeal. State v. Lane, 25,805 (La.App.2d Cir. 3/30/94), 634 So.2d 958; State v. Butler, 25,563 (La.App.2d Cir. 01/19/94), 631 So.2d 22; State v. Bush, 604 So.2d 1383 (La.App.2d Cir.1992). This court does not interpret the Louisiana Supreme Court's opinion in State v. Mims, 619 So.2d 1059 (La.1993), as having obviated the statutory requirement that a motion to reconsider sentence be filed in order to preserve a claim of excessive sentence for appellate review. State v. Jackson, 622 So.2d 1224 (La.App.2d Cir.1993).
Though this assignment is not properly before the court, we note the defendant's extensive criminal history. The defendant has arrests in almost every year from 1969 to 1995. Prior to the instant offense, he was arrested 21 times. He was convicted of forgery, five misdemeanor thefts, disturbing the peace, simple burglary, and shoplifting. Since the commission of the instant offense, he has been arrested 11 times and convicted of two counts of shoplifting, simple battery, misdemeanor theft, disturbing the peace, and simple burglary of an inhabited dwelling.
Even if one were to question the constitutionality of the defendant's sentence, it is commensurate with the crime and his background, and neither shocks the sense of justice no constitutes a purposeless and needless infliction of pain and suffering.
The defendant is a third felony offender, with prior convictions for forgery and simple burglary. His record, coupled with the offense of conviction, placed him in guidelines grid cell 3-A which recommended incarceration from ten to twelve years. His record shows him to be the worst type offender for whom maximum sentences are appropriate.
The trial court imposed a term of incarceration within the range suggested by the designated guidelines grid cell. Such a sentence is appropriate for an offender with that criminal history, and is not excessive under the Louisiana Constitution. State v. Toney, 26,711 (La.App.2d Cir. 3/1/95), 651 So.2d 387; *594 State v. Manning, 26,287 (La.App.2d Cir. 9/21/94), 643 So.2d 307; State v. Essex, 618 So.2d 574 (La.App.2d Cir.1993); La.S.G. § 201(C).
This assignment lacks merit.

Error Patent Review
A review of the applicable sentencing provision reveals that the defendant's sentence is, in fact, illegally lenient. LSA-R.S. 14:62.2 provides that anyone convicted of simple burglary of an inhabited dwelling shall be imprisoned at hard labor "for not less than one year, without benefit of parole, probation or suspension of sentence, nor more than twelve years." The "without benefit" portion of the statute attaches only to the one-year minimum. State v. Conley, 411 So.2d 448 (La.1982). The trial court failed to impose the "without benefit" condition, which technically makes the sentence illegally lenient.
Since the state failed to appeal this issue separately, this court may not correct this illegality. State v. Fraser, 484 So.2d 122 (La.1986); State v. Moore, 26,329 (La.App.2d Cir. 8/17/94) 642 So.2d 679.
No other errors patent are noted.

DECREE
For the foregoing reasons, the conviction and sentence of the defendant are affirmed.
AFFIRMED.