709 So.2d 311 (1998)
STATE of Louisiana
v.
Quang T. TRAN.
No. 97-KA-640.
Court of Appeal of Louisiana, Fifth Circuit.
March 11, 1998.
*313 Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Assistant District Attorney, Gretna, for Plaintiff/Appellee.
Richard V. Kohnke, New Orleans, for Defendant/Appellant.
Before GRISBAUM, BOWES and GOTHARD, JJ.
GOTHARD, Judge.
Defendant, Quang T. Tran, appeals his conviction and sentence on a charge of simple burglary of an inhabited dwelling. For reasons that follow, we affirm.
Tran was charged, by bill of information, with simple burglary of an inhabited dwelling, a violation of LSA-R.S. 14:62.2. At his arraignment, the defendant entered a plea of not guilty. He was tried by a jury and found guilty as charged on March 6, 1997. Subsequently, on April 18, 1997, the trial court sentenced the defendant to twelve years at hard labor, without benefit of probation, parole, or suspension of sentence, but with credit for time served. The trial court further ordered that the sentence be served concurrently with any other sentence defendant was serving. Defendant filed timely motions to reconsider sentence and for appeal. The trial court denied the motion to reconsider sentence, and granted the motion for appeal.
The record shows that, on the morning of February 3, 1996, Thao Tran (who is not related to defendant) left his apartment at 1025 Wilber Court in Gretna to go to work. His wife and four children were also out of the apartment during the day. In the afternoon, Thao's wife and his daughter, Hoa, returned to the apartment to find their belongings in great disarray. A window at the front of the apartment had been broken, and glass had fallen inside the residence. The family discovered there were several items missing from the apartment, including jewelry, electronic equipment, cameras and personal papers.
Hoa contacted her father, who called police. Deputy Linden Schmitt of the Jefferson Parish Sheriff's Office responded to the call. Crime scene technician, Daniel Duffourc, also reported to the scene where he dusted for fingerprints. Duffourc was able to recover one latent fingerprint from a piece of the broken window glass. The fingerprint was sent to the latent fingerprint unit of the sheriff's office for analysis. Sergeant Patricia Adams Lusk of that division used the A.F.I.S. computer system to match the latent print to a print of the defendant which was stored in that system.
*314 Detective Mark Berggren of the burglary unit obtained an arrest warrant for defendant on February 12, 1996. Defendant was apprehended on August 28, 1996. Both Thao and Hoa testified at trial that they did not know defendant, and that they had not given defendant permission to go inside their residence.
Based on the above evidence the jury found the defendant guilty as charged.
On appeal to this court, defendant argues six assignments of error. In the first assignment, he maintains the trial court committed error by allowing the state to obtain finger prints from him in open court. He argues this action resulted in an identification which greatly confused the jury and substantially prejudiced the defendant.
During the course of Sgt. Patricia Lusk's testimony, the prosecutor asked her to take defendant's fingerprints in order to compare them to the latent fingerprint which had been recovered at the scene of the burglary. Defense counsel lodged an objection. After a bench conference with the attorneys, the court overruled the objection. Defense counsel then objected to the state's printing all of defendant's fingers. During another bench conference, it was agreed that Sgt. Lusk would print only the finger that corresponded to the latent fingerprint. Sgt. Lusk thereafter took a print of defendant's right thumb. This appears to have been done in the jury's presence.
Minutes later Lusk informed the court out of the jury's hearing that she had inadvertently printed the wrong finger. She indicated that she should have taken a print of the right index finger. The judge ordered the jury removed from the courtroom, and instructed Lusk to take a print of defendant's right index finger. Lusk then informed the court that she had taken a full set of prints from defendant that morning. The court ordered the state to use that set of prints. After further discussion, the court determined that Sgt. Lusk would be allowed to take a single print of defendant's right index finger. This was done out of the jury's presence. The jury was brought back into the courtroom, and Lusk testified that the fingerprint she had just taken from defendant matched State's Exhibit One, the latent fingerprint from the crime scene.
We find no error in the trial court's ruling. It is well settled that the Fifth Amendment protection against self-incrimination applies only to testimonial evidence. Identifying physical characteristics, such as fingerprints, blood, urine, or breath, are outside the scope of this privilege. State v. Taylor, 422 So.2d 109, 116 (La.1982), cert. denied, Taylor v. Louisiana, 460 U.S. 1103, 103 S.Ct. 1803, 76 L.Ed.2d 367 (1983); State v. Bibbens, 525 So.2d 255, 257 (La.App. 1 Cir.1988); State v. Robertson, 509 So.2d 95, 97 (La.App. 1 Cir.1987). Nor, do we find that the manner in which the fingerprints were obtained in this trial was confusing to the jury, or prejudicial to the defendant. Accordingly, we find no merit in this argument.
By his second assignment, defendant complains that the court erred in accepting Sgt. Lusk as an expert in "fingerprint analysis, classification and identification," as the category was too broad, and thus allowed the state to elicit opinion testimony that was inadmissible and prejudicial.
Defendant's argument is not supported by the law. The purpose of an expert witness, particularly in criminal cases, is to provide jurors with a basic knowledge and background on a subject, while the jury retains its ultimate role as fact finder. The jurors relate background knowledge from the expert to facts established by the evidence and make a determination as to defendant's guilt. State v. Soler, 93-1042 (La.App. 5 Cir. 4/26/94), 636 So.2d 1069, 1080, writ denied, 94-0475 (La.4/4/94), 637 So.2d 450, 94-1361 (La.11/4/94), 644 So.2d 1055. The trial court is vested with wide discretion in determining the competence of an expert witness, and its ruling will not be set aside absent manifest abuse of discretion. LSA-C.E. art. 702; State v. Watson, 449 So.2d 1321 (La.1984), cert. denied, 469 U.S. 1181, 105 S.Ct. 939, 83 L.Ed.2d 952 (1985); State v. Bell, 94-49 (La. App. 5 Cir. 6/28/94), 639 So.2d 856.
*315 The record is sufficient to support the trial court's finding that Sgt. Lusk is an expert in fingerprint analysis, classification and identification. Lusk testified that she has been employed by the Jefferson Parish Sheriff's Office for ten years, the last seven years of which she has been assigned to the latent fingerprint unit. In her early years with the sheriff's office, she was assigned to the bureau of identification, where she worked with fingerprints. Lusk has a high school degree and attended college. She has attended several schools and seminars in various aspects of fingerprinting, including a school conducted by the F.B.I., and has been trained in some areas of forensic science.
Sgt. Lusk teaches two seminars yearly on basic fingerprints, advanced latent fingerprints, and the A.F.I.S. system. She has been qualified as an expert in analysis of latent fingerprints in several divisions of the Twenty-Fourth Judicial District Court. Based on Sgt. Lusk's training and experience, we find no abuse of the trial court's discretion in finding her to be an expert. Nor do we find that the category of "fingerprint analysis, classification and identification" was overly broad. The category appears to accurately describe the skills Sgt. Lusk has acquired through her training and experience. Lusk testified that her job involves comparing latent fingerprints to known fingerprint cards, which is precisely what she was asked to do at trial. She stated that on a typical day, she makes approximately one hundred such comparisons.
In the third and sixth assignments, the defendant complains that he was prejudiced by the trial court's jury charge on circumstantial evidence, and that his trial counsel was ineffective for not objecting to the charge, thereby preserving the matter for appeal. Defendant's attorney affirmatively noted that he had no objection to the court's instructions. Because these two assignments relate to each other, we consider them in one discussion.
In a case involving circumstantial evidence, the defendant is entitled to an instruction that jurors must be satisfied that the overall evidence excludes any reasonable hypothesis of innocence. LSA-R.S. 15:438; State v. Flowers, 574 So.2d 448 (La.App. 2 Cir.1991), writ denied, 580 So.2d 666 (La. 1991); State v. Wiggins, 518 So.2d 543 (La. App. 5 Cir.1987), writ denied, 530 So.2d 562 (La.1988), writ denied, State ex rel Wiggins v. Lynn, 569 So.2d 979 (La.1990). The trial court in this case gave the following jury charge on circumstantial evidence:
Evidence is either direct or circumstantial. Direct evidence is evidence which, if believed, proves a fact. Circumstantial or indirect evidence is evidence which, if believed, proves a fact and from that fact you may logically and reasonably conclude that another fact exists.
You cannot find a defendant guilty solely on circumstantial evidence unless the facts proven by the evidence exclude every reasonable hypothesis of innocence.
It is well settled that a jury charge must be considered as a whole, and particular expressions in a charge must be construed in the context of the entire charge. Thus, the courts have declined to reverse a conviction based on an erroneous charge unless the disputed portion, when viewed in context with the remainder of the charge, is erroneous and prejudicial. State v. Motton, 395 So.2d 1337 (La.1981), cert. denied, Motton v. Louisiana, 454 U.S. 850, 102 S.Ct. 289, 70 L.Ed.2d 139 (1981); State v. Wiggins, supra.
The charge in the instant case, when considered as a whole, was sufficient. The second paragraph of the court's charge tracks the language of LSA-R.S. 15:438. Furthermore, a charge identical to the one in the instant case on circumstantial evidence as been reviewed with favor. See; State v. McLemore, 26,106 (La.App. 2 Cir. 6/24/94), 640 So.2d 847, writ denied, 94-1908 (La.12/9/94), 647 So.2d 1107, cert. denied, 514 U.S. 1116, 115 S.Ct. 1974, 131 L.Ed.2d 863; State v. Butler, 462 So.2d 1280 (La.App. 5 Cir.1985), writ denied, 541 So.2d 886 (La. 1989).
The Louisiana Supreme Court has held that a claim of ineffective assistance of counsel is most appropriately addressed through an application for post conviction relief rather than direct appeal, so as to afford the *316 parties an evidentiary hearing before the trial court and create an adequate record for review. State v. Truitt, 500 So.2d 355 (La. 1987); State v. Brown, 384 So.2d 983 (La. 1980). It is well settled, however, that where the record contains sufficient evidence to decide the issue, and the issue is properly raised by assignment of error on appeal, it may be addressed in the interest of judicial economy. State v. Peart, 621 So.2d 780 (La. 1993); State v. Junior, 542 So.2d 23 (La.App. 5 Cir.1989), writ denied, 546 So.2d 1212 (La. 1989). In the present case the record is sufficient to decide the issue.
A defendant is entitled to effective assistance of counsel under the Sixth Amendment to the United States Constitution and Article I, Section 13 of the Louisiana Constitution of 1974. In assessing a claim of ineffective assistance of counsel, a two-pronged test is employed. The defendant must show that his counsel's performance was deficient, and that the deficiency prejudiced him. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); State v. Soler, supra. The error is prejudicial if it was so serious as to deprive the defendant of a fair trial, or "a trial whose result is reliable." Strickland v. Washington, 466 U.S. at 687, 104 S.Ct. at 2064; State v. Serio, 94-131 (La.App. 5 Cir. 6/30/94), 641 So.2d 604, 607, writ denied, 94-2025 (La.12/16/94), 648 So.2d 388.
Effective assistance of counsel does not mean errorless counsel, or counsel who may be judged ineffective on mere hindsight. State ex rel. Graffagnino v. King, 436 So.2d 559, 564 (La.1983). Because there is no precise definition of reasonably effective assistance of counsel, any inquiry into the effectiveness of counsel must be specific to the facts of the case. State v. Peart, supra.
We find the trial court correctly charged the jury on the law of circumstantial evidence in this case. Consequently, we do not find that defendant's trial counsel was deficient in failing to object to the court's jury charge. Moreover, defendant does not specifically state how he was prejudiced by counsel's alleged error.
By the next assignment, defendant contends that the state produced insufficient evidence to support his conviction for burglary of an inhabited dwelling. Specifically, defendant complains that the state offered only circumstantial evidence of his guilt.
The constitutional standard for testing the sufficiency of evidence, as enunciated in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), requires that a conviction be based in proof sufficient for any rational trier of fact, viewing the evidence in the light most favorable to the prosecution, to find the essential elements of the crime beyond a reasonable doubt. State v. Rosiere, 488 So.2d 965 (La.1986); State v. Honore, 564 So.2d 345 (La.App. 5 Cir.1990), writ denied, 569 So.2d 968 (La.1990).
The evidence in this case was circumstantial. Defendant erroneously asserts that the state bears a greater burden of proof in a circumstantial evidence case. Where circumstantial evidence forms the basis of a conviction, LSA-R.S. 15:438 requires that the elements of the offense must be proven so that every reasonable hypothesis of innocence is excluded. This is not a separate test from the reasonable doubt standard in Jackson v. Virginia, but rather provides a helpful basis for determining the existence of reasonable doubt. State v. Captville, 448 So.2d 676 (La.1984); State v. Ruffin, 96-226 (La.App. 5 Cir. 8/28/96), 680 So.2d 85. Ultimately all evidence, both direct or circumstantial, must be sufficient to satisfy the rational trier of fact that the defendant is guilty beyond a reasonable doubt. State v. Captville, supra; State v. Guccione, 96-1049 (La. App. 5 Cir. 4/29/97), 694 So.2d 1060; State v. Forrest, 95-31 (La.App. 5 Cir. 2/14/96), 670 So.2d 1263, writ denied, 96-0654 (La.6/28/96), 675 So.2d 1117.
In order to convict an accused of simple burglary of an inhabited dwelling, the state must prove, (1) there was an unauthorized entry; (2) the structure was inhabited at the time of entry; and (3) defendant had the specific intent to commit a felony or theft inside the structure. LSA-R.S. 14:62.2. To satisfy the unauthorized entry element, the state must prove that the defendant did not *317 have permission to enter the premises. State v. Smith, 28,280 (La.App. 2 Cir. 6/26/96), 677 So.2d 589. In the instant case, the prosecution satisfied this requirement through the testimony of Thao and Hoa Tran, who stated that they did not know defendant, and that defendant did not have permission to enter their apartment. The broken window at the front of the apartment is also indicative of unauthorized entry. The latent fingerprint found on the broken glass links defendant to the crime scene.
Defendant argues that the state failed to prove entry, because the latent fingerprint obtained by police was on the outside of the window[1], and because none of the victims' belongings were recovered from him. It is noted, however, that the broken glass was on the inside of the residence, which creates an inference that it was broken in to facilitate entry. When the state uses fingerprints as circumstantial evidence, it must exclude every reasonable hypothesis that defendant touched the object at some time other than the time of the offense. State v. Allen, 95-1515 (La.App. 1 Cir. 6/28/96), 677 So.2d 709, writ denied, 97-0025 (La. 10/3/97), 701 So.2d 192. The testimony of the Trans that they had never seen defendant before this incident tends to show there is no legitimate explanation for the presence of defendant's fingerprint on the victims' premises. As to defendant's argument that he was not found in possession of the victims' property, it is noted that the statute under which defendant was charged does not require proof of possession of stolen goods.
To prove that a dwelling was inhabited, for purposes of the statute, it need not be shown that a person was in the structure at the time of the burglary. It need only be proven that someone was living in the house at that time. State v. Conn, 420 So.2d 1123 (La.1982); State v. Smith, supra. It is clear from the testimony of Thao and Hoa Tran that, although they were not present at the time of the burglary, they were living at the Wilber Court apartment.
The evidence at trial was sufficient to prove that defendant had specific intent to commit a theft inside the residence. Specific intent to commit burglary is subjective in character, and need not be proven as a fact; it may be inferred from the circumstances of the case. State v. Pike, 426 So.2d 1329 (La.1983); State v. Page, 96-227 (La. App. 5 Cir. 8/28/96), 680 So.2d 104, writ denied, 96-2543 (La.9/19/97), 701 So.2d 153; State v. Smith, supra. The question of whether the requisite intent is present in a criminal case is one for the trier of fact, and review of this determination is to be guided by the test in Jackson. State v. Augustus, 93-406 (La.App. 5 Cir. 2/23/94), 633 So.2d 783, writ denied, 94-0964 (La.9/2/94), 642 So.2d 1284. In the instant case specific intent may be inferred from the evidence that the Tran's residence was in disarray, and several valuable items were missing. Displacement of the victim's personal possessions can be sufficient to show specific intent under the statute. State v. Richardson, 547 So.2d 749 (La.App. 4 Cir.1989).
Based on the foregoing, we find that the evidence at trial was sufficient to prove burglary of an inhabited dwelling under standards set forth in Jackson v. Virginia. Consequently, we find no merit in this assignment of error.
In the fifth assignment, the defendant complains that his sentence of twelve years, the maximum term allowed under the statute, is excessive in light of the nature of the crime and the age of the defendant, and is without sufficient justification and/or reasons within the record. Defendant further contends that the trial court improperly neglected to apply the Louisiana Sentencing Guidelines.
The Eighth Amendment to the United States Constitution and Article I, § 20 of the Louisiana Constitution prohibit the imposition of excessive punishment. A sentence is considered excessive if it is grossly disproportionate to the offense or imposes needless and purposeless pain and suffering. State v. Lobato, 603 So.2d 739 (La.1992); State v. Munoz, 575 So.2d 848 (La.App. 5 *318 Cir.1991), writ denied, 577 So.2d 1009 (La. 1991). Once imposed, a sentence will not be set aside absent manifest abuse of the trial court's wide discretion to sentence within statutory limits. State v. Carter, 96-358 (La. App. 5 Cir. 11/26/96), 685 So.2d 346.
The Louisiana Sentencing Guidelines were repealed by the state legislature effective August 15, 1996, prior to defendant's sentencing. At the same time, LSA-C.Cr.P. art. 894.1 was amended to remove reference to the guidelines. Acts 1995, No. 942; State v. Guzman, 95-444 (La.App. 5 Cir. 11/15/95), 665 So.2d 512, writ denied, 95-2853 (La.2/28/96), 668 So.2d 366. The trial court was, therefore, not required to employ the guidelines in defendant's case. As amended, Article 894.1 requires that the trial court state for the record the considerations taken into account and the factual basis for imposing sentence. If there is an adequate factual basis for the sentence contained in the record, the trial court's failure to articulate every circumstance listed in Article 894.1 will not require a remand for resentencing. State v. Lanclos, 419 So.2d 475, 478 (La. 1982); State v. Robertson, 94-1379 (La.App. 1 Cir. 10/6/95), 671 So.2d 436, writ denied, 95-2654 (La.2/9/96), 667 So.2d 527. Further, a remand for more complete compliance with LSA-C.Cr.P. art. 894.1 is not required when the sentence imposed is not apparently severe. See State v. Robicheaux, 412 So.2d 1313, 1319 (La.1982); State v. Robertson, supra.
Maximum sentences are reserved for cases involving the most serious violations of the charged offense, and for the worst kind of offender. State v. Styles, 96-897 (La.App. 5 Cir. 3/25/97), 692 So.2d 1222. In imposing sentence, the trial judge stated that he had taken into consideration the factors listed in Article 894.1. The judge further noted that defendant had several prior convictions. For procedural reasons, those convictions could not be used to enhance defendant's sentence through a multiple offender proceeding. The judge nevertheless felt that defendant's extensive criminal record was a basis for imposing the maximum sentence allowed under the statute. The judge further noted that he was impressed by the disruption defendant had caused to the lives of the victims.
Recent jurisprudence supports the imposition of the maximum sentence under this statute where the defendant's criminal record is extensive. See, State v. Smith, supra; State v. Conners, 577 So.2d 273 (La.App. 3 Cir.1991). Considering the foregoing, the trial court did not abuse its wide discretion in sentencing defendant to the maximum term. Accordingly, we do not find the sentence of twelve years to be excessive.
However, in our review of record for errors patent we find that the defendant's sentence is illegal in that the trial court eliminated the possibility of parole for the entire term of the sentence. LSA-R.S. 14:62.2 requires that only the first year of the sentence be served without benefit of parole, probation, or suspension of sentence. Accordingly, we amend the sentence to allow for the possibility of parole in compliance with LSA-R.S. 14:34 and LSA-R.S. 15:529.1. See, State v. Jackson, 96-783 (La.App. 5th Cir. 1/28/97), 688 So.2d 123.
CONVICTION AFFIRMED; SENTENCE AMENDED AND AS AMENDED, AFFIRMED.
NOTES
[1] Crime scene technician Daniel Duffourc testified that, due to the dirt on the glass, it appeared that the latent fingerprint he recovered was on the outside of the broken window.