GUIDRY, Judge.
Defendant, Randy Burns, was charged with two counts of simple burglary. At trial the court granted the State’s motion to amend the charges to two counts of theft less than $100.00. Subsequently, the court granted the State’s motion to dismiss one of the charges and the defendant was tried on one count of theft less than $100.00. Following trial, the defendant was found guilty of one count of misdemeanor theft, a violation of LSA-R.S. 14:67. He was sentenced to a fine of $500.00 or 60 days in the parish jail in default of the payment thereof. We granted a writ to review defendant’s conviction.
Defendant’s application presents the following assignments of error:
1. The trial court erred in not granting the defendant’s motion for acquittal.
2. The trial court erred in not finding that the conviction was contrary to the law and evidence.
3. The trial court erred in finding that the evidence presented in this case was conclusive beyond a reasonable doubt so as to support a conviction of theft.
FACTS
On July 5, 1982, the defendant, Randy Burns and an acquaintance, Mark Latchney, were at a local swimming hole, Kisatchie Creek, Natchitoches Parish, Louisiana. A white Rambler, containing four persons, arrived at the creek. After parking, these four persons proceeded to a favorable spot out of sight of their vehicle. Upon noticing the defendant watching them, the driver of the Rambler became suspicious. One of his friends, Mike Gorley, was sent to check on the vehicle. Upon investigation, it was discovered that the driver’s tapes were missing. A couple of days later, while checking around with other patrons of the swimming area, the victim of the theft, Leslie Ingram, learned the names and addresses of the alleged perpetrators. He called the Natchi-toches Sheriff’s Department and filed charges against the defendant and Mark Latchney. Pursuant to an arrest warrant, the deputy arrested and searched the residence of Mark Latchney. The missing tapes were found and identified. Mark Latchney, upon arrest, made a written statement informing deputies that the defendant had taken the tapes from the hood of the vehicle. (This statement was, however, retracted by his testimony in open court). When arrested, the defendant denied any part in the theft, and no evidence was found in his possession.
ASSIGNMENTS OF ERROR NOS. 1,
2 AND 3
All assignments of error concern the issue of sufficiency of the evidence and will be treated together. The defendant argues that the conviction is based oh insufficient circumstantial evidence.
The defendant was tried on one count of theft of a thing or things with a value less than one hundred dollars ($100.00). The pertinent part of LSA-R.S. 14:67 provides:
“Theft is the misappropriation or taking of anything of value which belongs to another, either without the consent of the other to the misappropriation or taking, or by means of fraudulent conduct, practices, or representations. An intent to deprive the other permanently of whatever may be the subject of the misappropriation or taking is essential.”
The issue is whether the State has adequately proven that Randy Burns, the defendant, did participate in the misappropriation of the tapes belonging to Leslie Ingram, without his consent and with an *845 intent to permanently deprive him of the tapes.
The due process clause of the Fourteenth Amendment requires this Court to review the evidence upon which a criminal conviction was based to determine whether it is minimally sufficient. A defendant has not been afforded due process, and his conviction cannot stand, unless, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could conclude that the State proved the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (U.S.1979). Additionally, we are governed by the Louisiana Statutory rule as to circumstantial evidence:
“The rule as to circumstantial evidence is: assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence.” LSA-R.S. 15:438.
Incorporating this rule under the Jackson standard, we must determine that, viewing the evidence in the light most favorable to the prosecution, a reasonable trier of fact would have concluded beyond a reasonable doubt that every reasonable hypothesis of innocence had been excluded. State v. Honeycutt, 438 So.2d 1303 (La.App. 3rd Cir.1983). Citing State v. Morris, 414 So.2d 320 (La.1982); State v. Ennis, 414 So.2d 661 (La.1982).
The evidence linking the defendant with the theft is very tenuous. In essence, the only evidence tending to connect the defendant "with the theft is the fact that defendant was present at Kisatchie Creek on the day of the theft with a close acquaintance named Mark Latchney, at whose residence the missing items were found. The transcript makes reference to an eyewitness, Mike Gorley, who allegedly witnessed the defendant’s alleged activities around the car. However, the State never sought to subpoena the only witness that could substantiate the alleged guilt of the defendant. The statement by Mark Latch-ney, incriminating the defendant, was not given under oath and was claimed to have been given under duress of threats and promises by sheriff’s deputies. However, his repudiation of the statement was given under oath and was made against his interest. There was no incriminating tangible evidence found at defendant’s residence and defendant maintained his innocence from arrest to trial.
Circumstantial evidence consists of proof of collateral facts and circumstances from which elemental factors may be inferred according to reason, experience and common sense. State v. Bindom, 410 So.2d 749 (La.1982); State v. Jackson, 419 So.2d 837 (La.1982).
The facts set forth in the record might be sufficient to give rise to a reasonable inference that Randy Burns did participate in the theft, but they are not sufficient to exclude other reasonable hypotheses of innocence. The defendant’s version of his activities on the day in question is very plausible. Without the eye-witness, who was available to the state, but not used, the circumstantial evidence standard is not satisfied. Therefore, we determine that when viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could not have concluded beyond a reasonable doubt that every reasonable hypothesis of defendant’s innocence had been excluded.
The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution precludes a second trial once a reviewing court finds the evidence at the first trial to be legally insufficient to support a guilty verdict. Hudson v. Louisiana, 450 U.S. 40, 101 S.Ct. 970, 67 L.Ed.2d 30 (1981).
For the above and foregoing reasons, the writ granted is made peremptory, defendant’s conviction and sentence are reversed, and a judgment of acquittal is entered.
REVERSED AND RENDERED