STOKER, Judge.
Defendant, Joseph C. Boutte, was charged by bill of information with the crime of operating a motor vehicle while under the influence of alcoholic beverages, third offense, a violation of LSA-R.S. 14:98. Defendant was tried before a six-person jury which found him guilty as charged. The trial judge sentenced the defendant to three years at hard labor. Defendant appeals his conviction on the basis of five assignments of error: numbers 1, 3 and 5 concern the sufficiency of evidence and numbers 2 and 4 concern specific errors committed during the course of the trial.
FACTS
On November 6, 1988, at approximately 2:00 a.m., Officer Bobby Guidroz of the Louisiana State Police was called to the scene of an automobile accident near Opel-ousas, Louisiana. When the officer arrived at the scene, he observed a red 1984 Pontiac Fiesta in a roadside ditch. Another vehicle, a blue 1980 Chevrolet Z-28 was resting partially in the northbound lane of the highway. Officer Guidroz learned that the driver of the Z-28 was Benjamin Collins. Riding in the vehicle as passengers were Thomas Clayton, Jr. and Earnest Collins. Officer Guidroz determined that the driver of the Fiesta had been taken by ambulance to Opelousas General Hospital. Upon closer inspection, the officer detected a strong odor of alcoholic beverages inside this vehicle.
Officer Guidroz drove to Opelousas General Hospital and saw the defendant, Joseph Boutte, for the first time. The officer read the defendant his rights approximately 45 minutes after the accident allegedly occurred. Emergency room personnel testified that defendant was brought to the hospital by Acadian Ambulance Services. The officer testified that defendant had bloodshot eyes, slurred speech and a strong odor of alcoholic beverage on his person. After being advised of his rights relating to chemical tests for intoxication, defendant gave his oral consent to be tested. Blood samples were taken from the defendant. These samples were sent to the State Police Crime Lab, where defendant’s blood alcohol level at the time of the testing was determined to be .29 grams percent.
Our analysis will concern the sufficiency of evidence presented by the State which was raised by assignments of error numbers 1, 3 and 5.
SUFFICIENCY OF EVIDENCE
The proper constitutional standard for appellate review of the sufficiency of the evidence to support a criminal conviction is enunciated in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). The standard is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. The Jackson standard is applicable to cases involving both direct and circumstantial evidence. For circumstantial evidence to convict, “it must ex- *400 elude every reasonable hypothesis of innocence.” LSA-R.S. 15:438. State v. Sutton, 436 So.2d 471 (La.1983); State v. Lindinger, 357 So.2d 500 (La.1978); State v. Fruge, 445 So.2d 1293 (La.App. 3d Cir.1984). According to Lindinger:
“Stated another way, the issue before us is: Did the evidence before the trier of fact exclude every reasonable hypothesis than that the accused, admittedly found later to be intoxicated, had ‘operated' the motor vehicle while so intoxicated.” Id at 501.
Viewing the overall evidence in this manner, we find there was insufficient evidence for the jury to conclude that the defendant, Joseph Boutte, was guilty beyond a reasonable doubt.
In order for the State to obtain a conviction, it must prove the essential elements of the charged defense operating a motor vehicle while intoxicated, third offense, — beyond a reasonable doubt. LSA-R.S. 14:98, the Louisiana DWI statute, reads, in pertinent part, as follows:
“A. The crime of operating a vehicle while intoxicated is the operating of any motor vehicle, aircraft, watercraft, vessel, or other means of conveyance when:
(1) The operator is under the influence of alcoholic beverages; or
(2) The operator’s blood alcohol concentration is 0.10 percent or more by weight based on grams of alcohol per one hundred cubic centimeters of blood;..."
Therefore, establishment of the State’s case involves essentially two aspects: (1) proving defendant operated a motor vehicle and (2) proving defendant operated the motor vehicle while intoxicated. Our discussion will concern the first aspect of the crime.
In the instant case the State attempted to prove the element of operation by circumstantial evidence. The rule concerning circumstantial evidence is set forth in LSA-R.S. 15:438 which, as stated previously, provides that where an essential element of a crime is sought to be proven by circumstantial evidence, such evidence must exclude every reasonable hypothesis of innocence. State v. Burns, 441 So.2d 843 (La.App. 3d Cir.1983).
The facts set forth in the record show that the prosecution did not present one single witness who could place defendant at the scene of the accident. Officer Guidroz stated that he saw defendant for the first time at the hospital emergency room. Both Earnest Collins and Thomas Clayton, Jr. testified that they never saw the driver of the other vehicle. There was testimony from emergency room personnel that defendant was transported from the accident scene to the hospital by Acadian Ambulance Services. However, the State inexplicably failed to call the driver of the ambulance to testify at trial. The driver of the Z-28, Benjamin Collins, was likewise not called to testify.
None of the witnesses who testified for the prosecution ever saw defendant behind the wheel of the vehicle, or even inside the vehicle, for that matter. No attempt was made to connect defendant to the vehicle through a license number or vehicle registration. In order to infer operation from the circumstances, every reasonable hypothesis of innocence must be excluded. The prosecution simply did not accomplish this. For example, the possibility that defendant was merely a passenger in the vehicle while the actual driver fled the scene before the ambulance and police arrived was not excluded. The facts set forth in the record might be sufficient to give rise to a suspicion that the defendant operated the motor vehicle, but they are certainly not sufficient to exclude every reasonable hypothesis of innocence. Therefore, we determine that when the evidence presented on the element of operation is viewed in the light most favorable to the prosecution, seeking to exclude every reasonable hypothesis of innocence, it is clear that no rational trier of fact could have found that the element of operation had been proven beyond a reasonable doubt. The State must be held to the burden of proving each and every element of the charged offense beyond a reasonable *401 doubt. This burden was not carried in the instant case.
For these reasons, defendant Joseph Boutte’s conviction must be reversed and his sentence vacated. As a result of our decision, the remaining issues presented in defendant’s brief do not merit discussion or decision.
CONVICTION REVERSED AND SENTENCE VACATED. ‘