STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

KA 08-367


STATE OF LOUISIANA

VERSUS

MELVIN TASSIN


**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 112808
HONORABLE JOHN DAMIAN TRAHAN, DISTRICT JUDGE

**********

**BILLY HOWARD EZELL**
**JUDGE**

**********

Court composed of Sylvia R. Cooks, Michael G. Sullivan, and Billy Howard Ezell, Judges.


**AFFIRMED.**

**Michael Harson**
**District Attorney, Fifteenth Judicial District Court**
**P.O. Box 3306**
**Lafayette, LA 70502-3306**
**(337) 232-5170**
**Counsel for Plaintiff/Appellee:**
**State of Louisiana**

**Annette Fuller Roach**
**Louisiana Appellate Project**
**P. O. Box 1747**
**Lake Charles, LA 70602-1747**
**(337) 436-2900**
**Counsel for Defendant/Appellant:**
**Melvin Tassin**

**EZELL, JUDGE.**

The Defendant, Melvin Tassin, was charged by bill of information on October 26, 2006, with the offense of simple burglary, in violation of La.R.S. 14:62. At the conclusion of a bench trial on September 13, 2007, the Defendant was convicted of the offense charged. Thereafter, on January 14, 2008, the Defendant was sentenced to eight years at hard labor.

The Defendant is now before this court on appeal, alleging one assignment of error: The evidence presented at trial was insufficient to find the Defendant guilty of the offense charged.

## MOTION

The Defendant filed a motion in this court to remove page from official record before the court. The Defendant contends that the page at issue, page 18, is part of trial counsel's paperwork, and thus, is confidential. However, our review of the page does not reveal who prepared the document or how it ended up as part of the appellate record. Moreover, with one exception, the information contained on the page is contained within the record as a whole. The exception referred to above is with respect to an entry on the page that reads, "DEFENSES: None, other than unreliability of eyewitness identification."

The Defendant's sole assignment of error on appeal is insufficiency of evidence. The page at issue was not introduced at trial, and thus, would not be considered by this court in conducting a sufficiency of the evidence review. Accordingly, the motion is denied.

## FACTS

The following facts have been adduced from the record before this court. On August 27, 2006, the Defendant was observed in the vicinity of Benjamin Chaisson's

1

residence at 122 Buttigig Street in Lafayette, Louisiana, by Chaisson's neighbor Bret Hoing. Mr. Hoing, being aware of recent burglaries in the area, decided to investigate the presence of the Defendant. As Mr. Hoing approached Mr. Chaisson's carport, he observed the Defendant under the carport with a flashlight in one hand and a black and yellow tool case in the other hand. As Mr. Hoing continued to approach the Defendant, he placed the flashlight and tool case on a table located beneath the carport. Thereafter, Mr. Hoing asked the Defendant what was he doing in the carport to which the Defendant replied that he was going to knock on the door to see if he could cut Mr. Chaisson's lawn. With his suspicion aroused, Mr. Hoing proceeded to contact law enforcement on his cell phone at which time the Defendant began to walk away. Approximately ten minutes later law enforcement arrived and arrested the Defendant.

## ASSIGNMENT OF ERROR

In his sole assignment of error, the Defendant alleges there was insufficient evidence presented at trial to convict him of the crime of simple burglary, in violation of La.R.S. 14:62.

In *State v. Touchet*, 04-1027, pp. 1-2 (La.App. 3 Cir. 3/9/05), 897 So.2d 900, 902, this court stated:

> With regard to sufficiency of the evidence, this court set forth as follows in *State v. Lambert,* 97-64, pp. 4-5 (La.App. 3 Cir. 9/30/98), 720 So.2d 724, 726-27:
>
>> When the issue of sufficiency of evidence is raised on appeal, the critical inquiry of the reviewing court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *State ex rel. Graffagnino v. King*, 436 So.2d 559 (La.1983); *State v. Duncan*, 420 So.2d 1105 (La.1982); *State v. Moody*, 393 So.2d 1212 (La.1981). It is the role of the fact finder to

weigh the respective credibility of the witnesses. Therefore, the appellate court should not second-guess the credibility determination of the trier of fact beyond the sufficiency evaluations under the *Jackson* standard of review. *See King,* 436 So.2d 559, citing *State v. Richardson*, 425 So.2d 1228 (La.1983).

In order for the State to obtain a conviction, it must prove the elements of the crime beyond a reasonable doubt. In order for this court to affirm a conviction, the record must reflect that the State has satisfied this burden of proving the elements of the crime beyond a reasonable doubt. *State v. Kennerson*, 96-1518 (La.App. 3 Cir. 5/7/97), 695 So.2d 1367.

The Defendant was convicted of simple burglary, in violation of La.R.S. 14:62 which states, in pertinent part, "Simple burglary is the unauthorized entering of any dwelling, vehicle, watercraft, or other structure, movable or immovable, or any cemetery, with the intent to commit a felony or any theft therein, other than as set forth in R.S. 14:60." To find the Defendant guilty of simple burglary, the State had to prove beyond a reasonable doubt that the Defendant, one, entered the subject structure without authorization, and two, entered it with the intent to commit a felony or theft therein.

In his brief, the Defendant specifically contends the State failed to prove the following beyond a reasonable doubt that: the carport was a structure as contemplated by La.R.S. 14:62, that the Defendant entered the washroom or that he moved the items at issue from the washroom to the table under the carport. He also argues the State failed to disprove the Defendant's hypotheses of innocence that he was there to perform lawn work, or that he was at Mr. Chaisson's home attempting to borrow an electric cord. However, competent evidence was presented at trial to show that the area from which the items at issue were removed was a structure, as contemplated by La.R.S. 14:62; the Defendant entered the room from where the items were stored and removed them; and that the trier of fact adequately considered the Defendant's

3

hypothesis of innocence.

In *Kennerson*, 695 So.2d 1367, the court held a shed under a carport was a structure as envisioned by La.R.S. 14:62. In the present case, testimony was offered indicating that the room from which the flashlight and tool case were taken was a washroom, containing a washer and dryer, that was secured by a door that was under the carport portion of a residence, all of which were covered by a common roof. We find that the area from which the items at issue were taken was a structure as contemplated by La.R.S. 14:62.

In *State v. Vortisch*, 00-67 (La.App. 5 Cir. 5/30/00), 763 So.2d 765, the court in affirming a simple burglary conviction stated, "[d]isplacement of the victim's possessions may be indicative of the specific intent to commit a theft under La.R.S. 14:62." In *Vortisch*, the victim testified that paperwork that was normally kept in a box under a table, was spread out on the floor at the time he arrived at the crime scene. In the instant case, the Victim testified that when he left for work the morning the offense occurred, the items at issue were in the washroom, and upon his return home from work the items were resting on a table beneath his carport. Moreover, Mr. Hoing testified that he observed the Defendant beneath the Victim's carport placing the items at issue on the table beneath the carport. Furthermore, at trial, Mr. Chaisson testified that at no time had he given the Defendant the right to be in the carport or washroom. Finally, the Defendant testified to entering the Victim's carport without permission.

Based on the foregoing facts, the State proved beyond a reasonable doubt the Defendant, without authorization, entered the Victim's structure, his washroom, and intended to steal the items at issue. Thus, the State proved the elements of simple burglary as defined by La.R.S. 14:62. Accordingly, the Defendant's allegation of

4

insufficient evidence is without merit.

The Defendant also complains that the trial court failed to adequately consider his hypothesis of innocence that he was at Mr. Chaisson's seeking to borrow an extension cord. In *State v. Black*, 627 So.2d 741, 744 (La.App. 2 Cir. 1993), the court in reviewing hypothesis of innocence in the face of circumstantial evidence stated:

> An appellate court reviewing the sufficiency of evidence in such cases must resolve any conflict in the direct evidence by viewing that evidence in the light most favorable to the prosecution. When the direct evidence is thus viewed, the facts established by the direct evidence and inferred from the circumstances established by that evidence must be sufficient for a rational trier of fact to conclude beyond a reasonable doubt that the defendant was guilty of every essential element of the crime.

Convicted of simple burglary, the defendant in *Black* offered a hypothesis of innocence that he broke into the residence to sleep. *Id.* The court in affirming his conviction stated:

> Again, the case before us is different in that there was no evidence presented to reasonably show that defendant was in the house due to illness or intoxication, or the need to sleep-off any intoxication. Finally, defendant relies upon *State v. Marcello*, 385 So.2d 244 (La.1980), wherein the defendant entered a public building to use soap and water to clean up. The court found no proof of intent to steal or commit another felony; however, nothing was missing, except soap and paper towels. In this case, clothing and curtains were missing.
>
> The defendant's hypothesis of innocence, that he was seeking refuge and sleep, is not sufficiently reasonable and strong under these circumstances to have led the jury to entertain a reasonable doubt about guilt.

*Id.* at 745.

In the instant case, the Defendant testified that he received permission from Mr. Chaisson's neighbor to cut the grass that encompassed both properties. The Defendant also testified that he borrowed a Craftsman weed trimmer from a "Miss Carol" to cut the grass at the subject property and was only on Mr. Chaisson's property in an attempt to borrow an electric cord. However, testimony from Mr.

5

Hoing reflects that, at no time from his first observation of the Defendant up to the point when he confronted the Defendant, did Mr. Hoing observe the Defendant with a weed trimmer. When viewing the evidence in a light most favorable to the prosecution, we find that the trial court adequately considered the Defendant's hypotheses of innocence and concluded he was guilty of simple burglary in violation La.R.S. 14:62. Accordingly, this claim is without merit.

## CONCLUSION

The Defendant's conviction and sentence are affirmed.

**AFFIRMED.**