# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 24-201


**STATE OF LOUISIANA**

**VERSUS**

**JOSEPH DEWAYNE BROWN**


**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 357,554
HONORABLE PATRICIA EVANS KOCH, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

## CANDYCE G. PERRET
## JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of Candyce G. Perret, Jonathan W. Perry, and Charles G. Fitzgerald, Judges.


**CONVICTIONS AFFIRMED; SENTENCES VACATED; REMANDED WITH INSTRUCTIONS.**

**Edward K. Bauman**
**Louisiana Appellate Project**
**Post Office Box 1641**
**Lake Charles, LA   70602-1641**
**(337) 491-0570**
**COUNSEL FOR DEFENDANT/APPELLANT:**
     **Joseph Dewayne Brown**

**Honorable J. Phillip Terrell, Jr.**
**District Attorney, Ninth Judicial District**
**B. Gerald Weeks**
**Assistant District Attorney**
**Post Office Box 7358**
**Alexandria, LA   71306-7358**
**(318) 473-6650**
**COUNSEL FOR APPELLEE:**
     **State of Louisiana**

**PERRET, Judge.**

Defendant, Joseph Dewayne Brown, appeals his convictions and sentences for simple burglaries and theft of a firearm. For the reasons that follow, we affirm his convictions but vacate his sentences due to an error patent noted herein. We remand the matter to the trial court with the following instructions: (1) for the trial court to specify whether the sentences on each count are to be served with or without hard labor; and (2) for the trial court to inform the Defendant of the provisions of La.Code Crim.P. art. 930.8, the time period for filing post-conviction relief, at resentencing.

**PROCEDURAL HISTORY:**

On March 1, 2023, Defendant was charged by bill of information with one count of possession of a firearm by a convicted felon, in violation of La.R.S. 14:95.1; one count of illegal possession of stolen things valued at more than $25,000.00, in violation of La.R.S. 14:69(B)(1); and three counts of simple burglary, in violation of La.R.S. 14:62. On March 13, 2023, Defendant pled not guilty to all charges.

On June 30, 2023, Defendant filed a motion to waive a trial by jury, which the trial court granted on July 10, 2023. On November 3, 2023, the State amended the bill of information to add one count of theft of a firearm, in violation of La.R.S. 14:67.15.

On November 8, 2023, a bench trial commenced. After the presentation of evidence, the defense moved for a directed verdict regarding count one, possession of a firearm by a convicted felon, which the trial court granted. Thereafter, Defendant was found guilty, as charged, to three counts of simple burglary, theft of a firearm, and found guilty of the lesser offense of illegal possession of stolen things valued at "$1000.00" or more but less than "$5000.00". On November 20, 2023,

Defendant filed a motion for new trial, which the trial court denied on December 7, 2023.

The trial court sentenced Defendant to twelve years for each count of simple burglary, five years for illegal possession of stolen things, and three years for theft of a firearm. The trial court ordered the sentences for simple burglary to run concurrently with one another, the sentence for possession of stolen things to run consecutively to the sentences for simple burglary, and the sentence for theft of a firearm to run consecutively to all other sentences.

Defendant now appeals his convictions for theft of a firearm and simple burglary, arguing that there was insufficient evidence to find him guilty of those crimes beyond a reasonable doubt. Defendant is not appealing his conviction for illegal possession of stolen goods.

**FACTS:**

During the evening of October 23, 2022, or the early morning hours of October 24, 2022, three vehicles were burglarized at Mason Estates, an apartment complex in Alexandria, Louisiana. The owners subsequently notified law enforcement and an investigation ensued.

At trial, the State called each vehicle owner: Nicholas Pulver, Alaysia (Fleming) Daniels, and Makayla Liberatore. Mr. Pulver testified that on October 24, 2022, at around 6 a.m., he was about to head to work when he noticed his truck's driver's side window was broken. After searching his vehicle, Mr. Pulver discovered that his Colt 1911 .45 ACP pistol was gone. Mr. Pulver testified that at the time his pistol was stolen, it had seven rounds in the magazine and one round in the chamber. Mr. Pulver described the rounds as "nonexpanding bullet[s]" with a "crisscross corkscrew pattern," which are "designed to penetrate dense clothing

2

without penetrating through a person." According to Mr. Pulver, the ammunition was unique and unavailable to purchase in Louisiana and that he acquired the ammunition while he was living in Boise, Idaho. Mr. Pulver testified that his pistol was never recovered. Mr. Pulver further explained that he never gave anyone permission to go inside his truck or take his firearm. Mr. Pulver testified that the last time he saw his truck before the incident was around 3 p.m. on October 23, 2022.

Alaysia (Fleming) Daniels testified that on October 24, 2022, at around 9 a.m., she went outside and saw that her vehicle's passenger's side window was broken and that her Maylea handbag had been taken. According to Ms. Daniels, her wallet was inside of the bag, which contained her debit card, credit card, social security card, insurance card, and identification card. After her wallet went missing, Ms. Daniels discovered that there was an unauthorized seventy-dollar charge on her Chase account. According to Ms. Daniels, her Maylea bag and wallet were never recovered. Ms. Daniels stated that she did not give anyone permission to go inside her vehicle or take her belongings. Ms. Daniels further noted that the last time she saw her vehicle before the break-in was around 10 p.m. on October 23, 2022.

Makayla Liberatore testified that on October 24, 2022, at approximately 7 a.m., she was about to drop her children off to daycare when she noticed her vehicle had been burglarized. According to Ms. Liberatore, her passenger window was gone, her glove compartment was left open, and her bags had been rummaged through. Ms. Liberator testified that her Louis Vuitton purse, Louis Vuitton wallet, a pistol, debit cards, medication, and her children's social security cards were missing. Ms. Liberatore further testified that she received notifications that morning from her bank, Red River Bank, of three attempts to swipe her cards. Ms. Liberatore

subsequently reported her cards stolen. According to Ms. Liberatore, the last time she saw her car before the incident was around 7 p.m. on October 23, 2022.

Carrie Roy, the security officer for Red River Bank in Alexandria, Louisiana, testified that on October 24, 2022, customer Makayla Liberatore reported her debit card stolen. Thereafter, the bank tracked Ms. Liberatore's debit card history, which indicated someone attempted to use her card at an ATM machine located at the bank's North Mall location at around 4 a.m. on October 24, 2022. Fortunately, no funds were withdrawn from Ms. Liberatore's account due to the insertion of the incorrect PIN number. The bank subsequently recovered the surveillance footage from the ATM machine and submitted it to the Alexandria Police Department.

Detective Meade Palmer, with the Alexandria Police Department, testified that he was assigned to investigate the multiple vehicle burglaries that occurred at Mason Estates on October 24, 2022. According to Detective Palmer, various items were taken, including handbags, wallets, guns, and debit cards. Detective Palmer testified that he reviewed the surveillance footage submitted by Red River Bank and immediately identified the individual in the video as Defendant Joseph Brown. According to Detective Palmer, Defendant owned a vehicle like the one seen in the ATM camera footage, a Dodge Challenger with red stripes.

Detective Palmer subsequently obtained a search warrant and, following a search of Defendant's home and vehicles, found most of the missing items, including Ms. Daniel's Maylea handbag, Ms. Liberatore's prescription medication, debit card, and children's social security cards, and a tool used to break glass. According to Detective Palmer, he also discovered a magazine full of bullets, which matched Mr. Pulver's gun; however, the actual gun was never recovered.

**ERRORS PATENT:**

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find there are several errors patent.

First, we note that a "Motion to Waive Trial by Jury" was filed by Defendant's counsel. The motion stated that Defendant intended to waive a jury trial and requested a hearing to determine whether he would be allowed to do so. The motion was not signed by Defendant. According to a minute entry dated July 10, 2023, Defendant was present in open court with his counsel when the trial court questioned him about the waiver. The trial court concluded that Defendant knowingly and intelligently waived his right to jury trial. Louisiana Code of Criminal Procedure Article 780(B) requires a motion to waive jury trial be written and signed by Defendant and his attorney, if represented. Although the written motion was not signed by Defendant, we find this error harmless since Defendant and his attorney were in open court when the trial judge addressed his right to a jury trial and the waiver thereof. *See State v. Bell*, 13-1443 (La.App. 3 Cir. 6/4/14), 140 So.3d 830.

Second, we find that the sentences imposed are indeterminate. Although the court minutes state that each sentence was imposed at hard labor, the sentencing transcript does not so indicate. In the event of a conflict, the sentencing transcript prevails. *State v. Williams*, 15-498 (La.App. 3 Cir. 12/9/15), 181 So.3d 857, *writ denied*, 16-26 (La. 1/13/17), 215 So.3d 242. No mention of hard labor was made at sentencing. The only time the sentencing transcript mentions the "Department of Corrections" is when the trial court states that he was "going to ask that the Department of Corrections place [Defendant] in a re-entry program so that [he could]

5

have a chance of getting a new shape in life."[1]  Because we find this statement is not a determinate statement that all sentences are to be served at hard labor, and because the penalty provisions applicable to Defendant all provide for the sentences to be imposed with or without hard labor, we find this failure to indicate whether the sentences were to be served with or without hard labor renders the sentences indeterminate.  La.R.S. 14:62, La.R.S. 14:69(B)(3),[2] and La.R.S. 14:67.15(C)(1). *See State v. Ervin*, 17-18 (La.App. 3 Cir. 12/13/17), 258 So.3d 677.  Accordingly, we hereby vacate the Defendant's sentences and remand the case for the trial court to specify whether the sentences are to be served with or without hard labor.

Finally, as noted by appellant's counsel, the trial court failed to advise Defendant of the time period for filing post-conviction relief.  Louisiana Code of Criminal Procedure Article 930.8 requires for the trial court to inform a defendant at sentencing that he has two years "'after the conviction and sentence become final'" to seek post-conviction relief.  *State v. Green*, 21-14, p. 4 (La.App. 3 Cir. 10/27/21), 329 So.3d 917, 921.  Accordingly, the trial court is instructed to inform Defendant of the provisions of article 930.8 at resentencing.

**DISCUSSION:**

In his first and second assignments of error, Defendant argues that the evidence, when viewed in the light most favorable to the prosecution, was insufficient to find him guilty of theft of a firearm and simple burglary beyond a reasonable doubt.

---

[1]The jurisprudence states that "committing a prisoner to the Department of Corrections is necessarily at hard labor." *State v. Lisenby,* 534 So.2d 996, 998 (La.App. 3 Cir. 1988); La.R.S. 15:824(C)(1).

[2]On count two, Defendant was convicted of the responsive offense of illegal possession of stolen things valued at $1,000.00 or more but less than $5,000.00.

6

*Standard of Review*

The analysis for insufficient-evidence claims is well settled:

> When the issue of sufficiency of evidence is raised on appeal, the critical inquiry of the reviewing court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560, *rehearing denied*, 444 U.S. 890, 100 S.Ct. 195, 62 L.Ed.2d 126 (1979), *State ex rel. Graffagnino v. King*, 436 So.2d 559 (La.1983); *State v. Duncan*, 420 So.2d 1105 (La.1982); *State v. Moody*, 393 So.2d 1212 (La.1981). It is the role of the fact finder to weigh the respective credibility of the witnesses, and therefore, the appellate court should not second guess the credibility determinations of the triers of fact beyond the sufficiency evaluations under the *Jackson* standard of review. *See State ex rel. Graffagnino*, 436 So.2d 559 (*citing State v. Richardson*, 425 So.2d 1228 (La.1983)). In order for this Court to affirm a conviction, however, the record must reflect that the state has satisfied its burden of proving the elements of the crime beyond a reasonable doubt.

*State v. Kennerson*, 96-1518, p. 5 (La.App. 3 Cir. 5/7/97), 695 So.2d 1367, 1371.

The testimony of a single witness, if believed, and absent internal contradictions or irreconcilable conflicts with physical evidence, is sufficient to support a conviction. *State v. Pierre*, 14-1071 (La.App. 3 Cir. 5/6/15), 170 So.3d 348, *writ denied,* 15-1151 (La. 5/13/16), 191 So.3d 1054.

This court has stated the following regarding appellate review in cases relying on circumstantial evidence:

> When the conviction is based upon circumstantial evidence, La.R.S. 15:438 provides that the state "must exclude every reasonable hypothesis of innocence" in order to convict. *State v. Camp*, 446 So.2d 1207, 1209 (La.1984). "Circumstantial evidence consists of proof of collateral facts and circumstances from which elemental factors may be inferred according to reason, experience and common sense." *State v. Burns*, 441 So.2d 843, 845 (La.App. 3 Cir.1983). However, La.R.S. 15:438 does not establish a stricter standard of review on appeal than the rational juror's reasonable doubt standard. The statute serves as a guide for the jury when considering circumstantial evidence. On appeal, the issue is whether a rational trier of fact, when viewing the evidence in a light most favorable to the prosecution, could find that all reasonable hypotheses of innocence were excluded. *State v. Williams*,

13-497 (La.App. 3 Cir. 11/6/13), 124 So.3d 1236, *writ denied*, 13-2774
(La. 5/16/14), 139 So.3d 1024.

*State v. Baumberger*, 15-1056, pp. 10–11 (La.App. 3 Cir. 6/1/16), 200 So.3d 817,
826–27, *writ denied*, 16-1251 (La. 5/26/17), 221 So.3d 859, *cert. denied*, 583 U.S.
950, 138 S.Ct. 392, 199 L.Ed.2d 290 (2017).

*Theft of a Firearm*

Louisiana Revised Statutes 14:67.15(A) defines theft of a firearm as "the misappropriation or taking of a firearm which belongs to another, either without the consent of the other to the misappropriation or taking or by means of fraudulent conduct, practices, or representations." The offender must also intend to permanently deprive the owner of the firearm. *Id.*

Defendant contends the trial court erred in that the evidence, when viewed in the light most favorable to the prosecution, was insufficient to find Defendant guilty of theft of a firearm beyond a reasonable doubt. Defendant argues that for the trial court to find sufficient evidence of theft of a firearm, the court would not have the benefit of presumption provided by La.R.S. 15:432, which provides that a person in the unexplained possession of property recently stolen is presumed to be the thief.[3] According to Defendant, he was in possession of the bullets and a fully loaded magazine but not the firearms. Defendant also asserts that there was no evidence submitted that placed him near the crime scene. Therefore, Defendant contends that there was insufficient evidence to convict him of theft of a firearm beyond a reasonable doubt.

---

[3]A citation to La.R.S 15:432 is not in the trial record. Further, the supreme court has held the statutory presumption violated due process; however, we note that possession of recently stolen items can support an inference that the possessor is the burglar. *State v. Searle*, 339 So.2d 1194 (La. 1976) (on rehearing); *State in the Interest of D.W.*, 22-1654 (La. 10/20/23), 371 So.3d 1065.

Contrarily, the State argues that Defendant's possession of the unique ammunition was sufficient evidence for any trier of fact to conclude that Defendant committed theft of a firearm. According to the State, there was no evidence presented at trial that someone other than Defendant committed the theft even though the firearm itself was never recovered.

After viewing the evidence in a light most favorable to the prosecution, we find the evidence admitted at trial proved beyond a reasonable doubt that Defendant committed theft of a firearm. Although no weapons were recovered, testimony adduced showed that the ammunition found in Defendant's possession matched the ammunition used for Mr. Pulver's gun. Moreover, both Mr. Pulver and Detective Palmer testified that the ammunition was unusual. Mr. Pulver stated it was designed to penetrate heavy clothing of the type worn in his former home, Idaho. The police found the magazine inside Ms. Liberatore's stolen purse. Further, Defendant was also in possession of items stemming from the burglaries that occurred within the same night and at the same apartment complex, which supports an inference. Based on this evidence, we find that the trial judge could rationally have concluded that the bullets and magazine at issue came from Mr. Pulver's unrecovered weapon. As noted by the first circuit, "the elements of theft of a firearm do not require the stolen firearm be found on the person." *State in Interest of C.J.*, 20-926, p. 5 (La.App. 1 Cir. 4/26/21) (unpublished opinion).[4] Moreover, we note that "[i]t is not the province of the reviewing court to assess the credibility of witnesses or reweigh evidence." *State v. Crawford*, 14-2153, p. 20 (La. 11/16/16), 218 So.3d 13, 26 (citing *State v. Smith*, 94-3116, p. 2 (La. 10/16/95), 661 So.2d 442, 443).

---

[4] 2021 WL 1621901.

Additionally, Defendant argues that there is no evidence that placed him at the scene of the offenses. Ms. Daniels testified that her vehicle was undamaged at 10:00 p.m. on October 23, 2022. The timestamp on the ATM video indicated that at 4:20 a.m., on October 24, 2022, Defendant tried to use a bank card stolen from the same apartment complex where the gun was stolen. We find that Defendant's possession of an item stolen from the crime scene within less than six and a half hours of the last sighting of an undamaged car indicates Defendant was at the scene. This inference is also supported by the fact that a glass-breaking tool was found in Defendant's possession along with the stolen items from the victim's vehicles, including Ms. Daniel's Maylea handbag, Ms. Liberatore's prescription medication, a debit card, social security cards, and a magazine full of bullets, which matched Mr. Pulver's gun. Accordingly, we find the trial court did not err in finding Defendant guilty of theft of a firearm.

*Simple Burglary*

> "Simple burglary is the unauthorized entering of any dwelling, vehicle, watercraft, or other structure, movable or immovable, or any cemetery, with the intent to commit a felony or any theft therein[.]" La.R.S. 14:62(A). "Mere possession of property recently stolen in a burglary does not create a presumption that the defendant committed the offense." *State v. Ewens*, 98-1096, p. 5 (La.App. 5 Cir. 3/30/99), 735 So.2d 89, 93, *writ denied*, 99-1218 (La. 10/8/99), 750 So.2d 179 (citing *State v. Brown*, 445 So.2d 422 (La.1984)). "Although the intent to commit a burglary is a question of fact, it need not be proven as a fact. It may be inferred from the circumstances . . . Displacement of the victim's possessions may be indicative of the specific intent to commit a theft." *State v. Wilson*, 44,586, 44,737, p. 4 (La.App. 2 Cir. 10/28/09), 26 So.3d 210, 215, (citations omitted) *writ denied,* 09-2655 (La. 1/28/11), 56 So.3d 973.

*State v. Shelvin*, 15-544, p. 3 (La.App. 3 Cir. 12/9/15), 181 So.3d 879, 881 (alteration in original).

Defendant argues the trial court erred in that the evidence, when viewed in the light most favorable to the prosecution, was insufficient to find him guilty of three

counts of simple burglary beyond a reasonable doubt. According to Defendant, he possessed some but not all of the items allegedly stolen from Ms. Liberatore, Ms. Daniels, and Mr. Pulver. As in the previous assignment of error, Defendant asserts no testimonial, video, or physical evidence placed him at the scene. Furthermore, Defendant contends the stolen items he possessed were acquired by another individual who committed the theft.[5] Thus, Defendant argues the evidence was insufficient to find him guilty of three counts of simple burglary beyond a reasonable doubt.

In contrast, the State argues there was sufficient evidence to find Defendant guilty of simple burglary. According to the State, video evidence showed Defendant attempting to use one of the victim's debit cards at an ATM machine around the time of the burglaries. Although there was no evidence that placed Defendant at the scene of the burglaries, the State contends Defendant's possession of the stolen items was enough for any rational trier of fact to conclude that Defendant committed the burglaries.

In *State v. Harrell*, 11-887 (La.App. 3 Cir. 2/1/12) (unpublished opinion),[6] *writ denied*, 12-537 (La. 10/12/12), 99 So.3d 37, two vehicles were burglarized in the same neighborhood on March 25, 2010, between the hours of 8:00 and 10:00 p.m. The defendant was found in possession of one of the victim's belongings two hours after the burglaries. Thereafter, the defendant was charged and convicted of two counts of simple burglary of a motor vehicle. The defendant subsequently appealed his convictions, arguing that the State failed to present sufficient evidence

---

[5]Defendant again refers to the statutory presumption contained in La.R.S. 15:432, but as mentioned in a previous footnote, said presumption is no longer extant, pursuant to supreme court jurisprudence. Also, we have not found a reference to this statute in the trial record.

[6] 2012 WL 280658.

11

at trial to support his convictions. To support his argument, the defendant asserted that no witnesses testified that they saw him break into the vehicles or that the camera that he had in his possession belonged to one of the victims. In affirming the defendant's conviction, this court stated:

> "Simple burglary is the unauthorized entering of any . . . vehicle, . . . with the intent to commit a felony or any theft therein, other than as set forth in R.S. 14:60." La.R.S. 14:62(A). "Theft is the . . . taking of anything of value which belongs to another, . . . without the consent of the other to the . . . taking, . . . An intent to deprive the other permanently of whatever may be the subject of the . . . taking is essential." La.R.S. 14:67(A).

> The evidence presented at trial shows that Mrs. Flynn and Ms. Haworth's vehicles were entered into without their permission on March 25, 2010. The person who entered their vehicles without permission took some of their belongings without their permission. The belongings consisted of items of value, which included purses, money, and a digital camera. Defendant was seen in the neighborhood around the time of the burglaries and found to be in possession of the items taken during the burglaries within a short time frame after the burglaries were discovered.

> In factually similar cases, the courts of this state have found that where a suspect is found in possession of stolen goods, it is sufficient to sustain a simple burglary conviction. *State v. Tassin* 08-367 (La.App. 3 Cir. 11/5/08), 997 So.2d 750; *State v. Jacobs,* 558 So.2d 1220 (La.App. 1 Cir.), *writ denied,* 564 So.2d 319 (La.1990).

> When the evidence presented at the trial herein is viewed in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of both simple burglary charges proven beyond a reasonable doubt.

*Id.* at 5.

In *State v. Bychurch*, 14-718 (La.App. 5 Cir. 8/28/24), 148 So.3d 664, *writ denied*, 14-2028 (La. 5/1/15), 169 So.3d 370, the victim's storage unit was burglarized between December 25, 2012, and January 1, 2013. When the victim retrieved the storage unit's camera footage, it showed someone with a truck walking to the victim's storage unit and opening the storage unit's lock. The person was also

12

seen loading the items from the victim's storage unit onto a trailer attached to the truck, including a customized ATV. The victim filed a report and, about a month later, a deputy stopped an ATV that resembled the one reported missing. The defendant, who was driving the ATV, claimed he purchased the ATV from someone but could not show proof of ownership, so the deputy called the victim to the scene. There, the victim was able to verify that he owned the ATV by showing the deputy pictures of the customizations and the location of the VIN number. The defendant was subsequently arrested. While in custody, the defendant gave the officers written permission to search his residence. During the search, the officers found several of the victim's items. The officers also located a trailer that resembled the trailer shown in the storage unit's surveillance video. The defendant was subsequently charged and convicted of simple burglary. On appeal, he argued that there was insufficient evidence presented at trial to convict him of simple burglary, as the conviction was based on circumstantial evidence. In affirming the defendant's conviction, the fifth circuit stated:

> In the present case, defendant was convicted of simple burglary. That offense is defined in LSA-R.S. 14:62 as "the unauthorized entering of any dwelling, vehicle, watercraft, or other structure, movable or immovable, or any cemetery, with the intent to commit a felony or any theft therein . . ." Specific intent is required for a conviction for simple burglary, and it may be inferred from the circumstances and actions of the accused. *State v. Austin,* 12-629 (La.App. 5 Cir. 3/13/13), 113 So.3d 306, 312, *writ denied,* 13-0673 (La.10/25/13), 124 So.3d 1092. Specific criminal intent is defined as "that state of mind which exists when the circumstances indicate that the offender actively desired the prescribed criminal consequences to follow his act or failure to act." LSA-R.S. 14:10(1).
>
> Therefore, to convict the defendant, the State was required to prove beyond a reasonable doubt that defendant entered the structure without authorization and had the specific intent to commit a felony or theft therein. *State v. Naquin,* [10-474 (La.App. 5 Cir. 2/15/11),] 61 So.3d [67, 72].

In the present case, Mr. Tingle testified that when he went to his storage unit to retrieve an item, he immediately noticed that the lock on the unit was not his. Mr. Tingle had the lock removed and, upon opening the door, saw that numerous items had been taken, including an ATV, a motorcycle, a pressure washer, a generator, a torch kit, and some hand tools. Surveillance cameras around the storage unit showed a truck and a white enclosed trailer pull up to Mr. Tingle's unit. The person driving the truck got out and immediately lowered the ramps from his trailer. The perpetrator rolled the ATV into the trailer and then loaded numerous other items into the trailer, including a motorcycle. At trial, Mr. Tingle testified this person must have known that his unit contained a motorcycle and an ATV, both of which would need a ramp to load them into the trailer. Mr. Tingle further testified that he did not give anyone permission to enter his storage unit or remove any items. Defendant was subsequently found in possession of the missing ATV and several other items taken from Mr. Tingle's storage unit.

Moreover, when the police officers went to search defendant's house pursuant to his consent, they observed a white trailer in his yard that matched the white trailer shown in the video from the storage unit. In particular, both defendant's trailer and the trailer seen in the video were missing a fender on the driver's side. Also, stickers on the trailer shown in the video matched the stickers defendant had on his trailer. Further, defendant's truck, an F-150, matched the truck shown on the video from the surveillance unit. Defendant's truck showed custom made rims, deflectors, shades, and tinted windows. The truck in the video had the same after-market additions.

. . . .

After viewing the evidence in the light most favorable to the State, we find that a rational trier of fact could have found, beyond a reasonable doubt, that the evidence was sufficient to support defendant's conviction for simple burglary. Accordingly, we find the arguments raised by defendant in this assigned error to be without merit.

*Id.* at 669–70.

Similarly, after viewing the evidence in a light most favorable to the prosecution in this case, we find the evidence admitted at trial proved beyond a reasonable doubt that Defendant committed the simple burglaries. As in *Harrell* and *Bychurch*, Defendant was found in possession of most of the stolen items. Additionally, Defendant was caught on camera attempting to use one of the victim's

14

debit cards at an ATM machine around 4 a.m. on the day of the burglaries. Although Defendant argues someone else committed the theft and he merely possessed the items, it was reasonable for the trier of fact to conclude that Defendant committed the burglaries since he was found in possession of the missing items along with a glass breaking tool within two days of the burglaries. The possession of burglary tools coupled with the presence of another's possessions demonstrates a defendant's specific intent to commit a theft. *See State v. Wilson*, 44,586 (La.App. 2 Cir. 10/28/09), 26 So.3d 210, *writ denied*, 09-2655 (La. 1/28/11), 56 So.3d 973; *State v. Martin*, 07-791 (La.App. 4 Cir. 10/17/07), 970 So.2d 9. Accordingly, we find that the trial court did not err in finding Defendant guilty of three counts of simple burglary.

For these reasons, we hereby affirm Defendant's convictions. However, we vacate Defendant's sentences and remand for resentencing for the trial court to specify whether the sentences on each count are to be served with or without hard labor. We also instruct the trial court to inform the Defendant of the provisions of La.Code Crim.P. art. 930.8 at resentencing.

**CONVICTIONS AFFIRMED; SENTENCES VACATED; REMANDED WITH INSTRUCTIONS.**